CHARLES CORBIN v. GRAND TRUNK RAILWAY CO.

January Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 24, 1906.

*Negligence—Railroad—Construction of Crossing — Passing Between Cars—Invitation—Signals—Proximate Cause —Accident.*

In an action for injuries received in attempting to pass between the cars of defendant's train which, while being loaded with gravel,

obstructed a highway crossing, it appeared that plaintiff was injured by a movement of the train after he had mounted between the cars, which he did in consequence of a motion by one of defendant's employees, given in the line of duty, which plaintiff thought, and was justified in thinking, was an invitation for him to cross the train, but which really was a signal to the engineer to move the train. The referee was unable to find that defendant's employees were negligent in any respect as regards plaintiff's movements. *Held*, that the occurrence was a mere accident, for which defendant was not responsible.

Even if the obstrucing of the crossing was unlawful, it does not follow that this was a negligent act in respect of plaintiff; for, if it was not an efficient cause of the injury it could give rise to no liability.

Negligence is a shortage of legal duty that causes injury.

The mistake of plaintiff in misconstruing the signal, together with his consequent attempt to cross the train, constituted the sole, proximate cause of the injury; and his action was an exercise of his own judgment and will, and was not, in the legal sense, a consequence of the obstruction of the crossing.

*Isham* v. *Davis' Est.*, 70 Vt. 588, distinguished.

CASE for negligence. Heard on the report of a referee and exceptions thereto at the October Term, 1904, Essex County, *Start*, J., presiding. Judgment for the defendant to recover its costs. The plaintiff excepted. The opinion states the case.

*Cook & Williams,* and *J. W. Redmond* for the plaintiff.

The obstruction of the crossing was wrongful, and was a link in the chain of causes which produced the injury. *Holmes* v. *Fuller,* 68 Vt. 207; *Stickney* v. *Maidstone,* 30 Vt. 738; *Mobus* v. *Waitsfield,* 75 Vt. 122; *Lee* v. *Riley,* 18 C. B. (N. S.) 722, 34 L. J. C. P. 212; *Clark* v. *Chambers,* 3 Q. B. D. 327; *Milwaukee etc. R. Co.* v. *Kellogg,* 94 U. S. 469; *Burrows* v. *March, etc. Co.,* L. R. 7 Ex. 96, 18 Eng. Rul. Cas. 708.

If plaintiff adopted the course of conduct which he was justified in thinking was indicated by McMahon, then Mc-

Mahon invited him to cross, and defendant is liable, 3 Elliott, Railroads, § 1171; *Eddy et al.* v. *Powell,* 49 Fed. 814; 17 Eng. Rul. Cas. 252.

*C. A. Hight, L. L. Hight,* and *Harry Blodgett* for the defendant.

It cannot be said that the obstruction of the crossing was a wrong. Wood, Railroads, 1620; *Magoon* v. *R. R.,* 67 Vt. 177.

The obstruction of the crossing was not the proximate cause of plaintiff's injury. *Gilson* v. *Delaware, etc. Co.,* 65 Vt. 213; *Jackson* v. *Railway Co.,* 13 Lea 491, 49 Am. Rep. 663; *Pittsburg etc. Co.* v. *Stanley,* 41 Ohio St. 118, 52 Am. Rep. 74; *Wood* v. *Penn. R. Co.,* 55 Am. S. Rep. 728; *Evansville etc. R. Co.* v. *Welch,* 81 Am. S. Rep. 102.

MUNSON, J. The defendant was loading its gravel train by means of a steam shovel, while the train was obstructing a highway crossing. The plaintiff attempted to cross the train between two cars, just as the filling of one car was completed and the train was about to be moved to bring forward another. As the plaintiff was getting upon the end of a car, the train started, causing the injury complained of. The plaintiff claims that he was induced to make this attempt by the conduct of McMahon, the steam shovel boss, who was then directing the movements of the train.

It appears that McMahon made a motion with his arm, which the plaintiff supposed was an invitation for him to climb over the cars. The referee finds that the plaintiff was justified in thinking the motion was an invitation to cross, and that he was not negligent in making the attempt. But the referee finds that the motion so understood by the plaintiff was

in fact a signal to the engineer to move the train, or some other signal; and says he is unable to find that any invitation to cross was given the plaintiff, or that defendant's employees were negligent in any respect as regards the plaintiff's movements.

If we confine our attention to the circumstances attending the plaintiff's attempt to cross and the starting of the train, it is clear that the plaintiff has no case. The findings amount to this. The defendant's employee, without negligence, gave some signal in the line of his duty. The plaintiff, without negligence, took this to be an invitation for him to cross. The occurrence resulting from this combination was a mere accident.

But the plaintiff argues that the obstruction of the crossing was an unlawful and negligent act; that the findings relieve him from fault in being upon the car; and that the starting of the train which caused his injury was but one of a series of movements included in the continued occupation of the crossing. The plaintiff would thus make the obstruction of the crossing the proximate cause of his injury.

But, assuming the correctness of the plaintiff's position as regards the unlawfulness of the obstruction, it does not follow that the maintenance of the obstruction was a negligent act as regards the plaintiff. The disregard of a statutory requirement is not necessarily negligence in the juridical sense. Negligence is a shortage of legal duty that causes injury. The fact that an act is in violation of law does not dispense with an inquiry as to the relation which that act sustains to the injury complained of. If it is not an efficient cause of the injury there is no liability.

Generally, in cases of this class, the test of actionable negligence is whether the injury which followed the act or

omission in question was a natural and probable consequence of it in the sense that a prudent man ought to have foreseen it. *Morrisette* v. *Canadian Pacific R. R. Co.,* 74 Vt. 232 (242), 52 Atl. 520. It is by an application of this test that we determine whether the first of two causes is the proximate cause, or only a remote cause, of the resulting injury.

The plaintiff assumes that his case stands like that of *Isham* v. *Dow's Est.,* 70 Vt. 588, 41 Atl. 585, and cites particularly that part of the opinion which says that in such circumstances the law treats the act of the defendant as the proximate cause of the injury, whether the injury was or could have been foreseen or not, or was or was not the probable consequence of the act. But in that case the injury was due to an unlawful act operating through a succession of resulting events whose continuity was not broken by any other agency. The bearing of the decision is also manifest from the further statement: "On the question of what is negligence, it is material to consider what a prudent man might reasonably have anticipated; but when negligence is once established, that consideration is entirely immaterial on the question of how far that negligence imposes liability." ·

The finding which relieves the plaintiff from the imputation of negligence does not affect the relation which his act sustained to the injury received. That act, whether prudent or negligent, was the immediate cause of his injury. It was an independent cause, for it resulted from an exercise of his own judgment and will. It was· not a consequence of the obstruction of the crossing in the legal sense. It is true that if there had been no train there the plaintiff would not have had an opportunity to make the mistake that he did. But, the making of such a mistake and an attempt to cross under such circumstances because of it, were not con-

sequences that could reasonably be expected to result from the obstruction. So the act of the plaintiff, although free from the taint of negligence, must be considered the sole proximate cause of his injury.

*Judgment affirmed.*