PETER E. LACHANCE, ADMR. *v.* ALEX MYERS.

October Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

</div>

*Contributory Negligence—Jury Question—Violation of Statute as to Operation of Automobile Not Conclusive as to Contributory Negligence—Duties and Rights of Drivers Approaching Intersecting Highways or Streets—Proximate Cause—Last Clear Chance Doctrine.*

1. In action of tort by driver of automobile to recover for death of his wife in collision of automobiles at intersecting streets, question of contributory negligence *held* for the jury.

2. In such action, although plaintiff at time of accident was exceeding lawful speed limit, which under G. L. 4697 was *prima facie* evidence of negligence, it was not conclusive of contributory negligence, whether plaintiff's conduct was negligent still being one of fact on all the evidence.

3. In such action, although plaintiff, when approaching the intersection of the highways, failed to yield the right of way to defendant who was approaching from the right, such action was not contributory negligence as matter of law, notwithstanding provision of G. L. 4705, as relative distance of vehicles from point of intersection and their relative rate of speed must be taken into account, and right of precedence at a crossing given by such statute has no proper application except when vehicles on intersecting streets approach crossing so nearly at same time and at such rate of speed that if both proceed, collision or interference between them is reasonably to be apprehended.

4. Driver of automobile approaching intersection of highways, where another automobile is also approaching same intersection from right, but not within such distance as reasonably to indicate danger of interference or collision, is under no obligation to stop or wait, but may proceed to use crossing as matter of right.

5. Driver of automobile, in determining whether he may safely cross intersection of streets ahead of driver of automobile on intersecting street, is not bound to anticipate that latter will increase his speed, but has right to assume that other driver will observe requirements respecting speed at which he should approach crossing.

6. Violation of statute (G. L. 4705), giving right of way to driver approaching from right, is not a bar to recovery for injuries caused by latter's negligence in operating his automobile, unless such violation was a proximate cause of accident.

7. Last clear chance doctrine does not apply when negligence of both parties is concurrent, or, in other words, proximately co-operates to produce the injury.

8. The doctrine of "last clear chance" is applicable where a perilous situation has been created or exists through negligence of both plaintiff and defendant, but thereafter the defendant could, and the plaintiff could not, by use of means available, avert the accident, the negligence of parties creating situation then

being regarded as remote, and that of defendant in not averting the accident, after peril is or should have been discovered, becomes the sole proximate cause of injury.

9. In action of tort by driver of automobile for death of his wife in collision of automobiles at intersecting streets, whether defendant had last clear chance to avert accident, *held* properly submitted to jury.

ACTION OF TORT. Plea, general issue. Trial by jury at the December Term, 1923, Caledonia County, *Graham*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Chas. F. Black* and *Porter, Witters & Longmore* for the defendant.

Doctrine of "last clear chance" is inapplicable where negligence of each party is continuous and active up to the very time of accident, for when negligence is concurrent and operative at time of collision and contributes to it, there can be no recovery. *Dent* v. *Bellows Falls & S. R. St. Ry. Co.*, 95 Vt. 523; *French* v. *Grand Trunk Ry. Co.*, 76 Vt. 441; *Aiken* v. *Metcalf*, 92 Vt. 59; *Flint's Admr.* v. *Central Vermont Ry. Co.*, 82 Vt. 269; *LaMountain's Admx.* v. *Rutland R. R. Co.*, 93 Vt. 21.

*Searles & Graves* for the plaintiff.

Driver of automobile approaching intersecting streets is not required under all circumstances, before attempting to cross, to await passage of every vehicle he can see coming from right, which, by a possible burst of speed, might reach crossing ahead of him, but may attempt to cross ahead thereof, when situation of such vehicle and its speed does not reasonably indicate possibility of interference or collision. *Hughes* v. *Hudson Brace Motor Co.*, 207 Pac. 795; *Neuman* v. *Apter*, 95 Conn. 695, 112 Atl. 350, 21 A. L. R. 970, and note pp. 982, 983; *Barnes* v. *Barnet*, 184 Iowa, 936, 169 N. W. 365; *Lee* v. *Pesterfield*, 77 Okla. 317, 188 Pac. 674; *Rupp* v. *Keebler*, 175 Ill. App. 619; *Minnis* v. *Lemp Brewing Co.* (Mo. App.), 226 S. W. 999; *Brown* v. *Chambers*, 65 Pa. Super. Ct. 373; *Soderberg* v. *Taney* (Minn.), 188 N. W. 993; *Petring* v. *Albers* (Mo. App.), 241, S. W. 452;

*Schultz* v. *Nicholson*, 116 Misc. 114, 189 N. Y. Supp. 722; *Ward* v. *Gildea*, 44 Cal. App. 380, 186 Pac. 612.

TAYLOR, J.  The action is brought by the plaintiff as administrator of his deceased wife's estate for the benefit of himself and the wife's father as next of kin.  The trial was by jury, resulting in a verdict and judgment for the plaintiff.  The defendant moved for a directed verdict at the close of the evidence and excepted to the overruling of his motion.  One ground of the motion was, in substance, that the plaintiff was guilty of contributory negligence as a matter of law.  The court submitted to the jury the question of contributory negligence, and also charged respecting the doctrine of the last clear chance, to which the defendant excepted.  The only questions briefed are the subject-matter of these exceptions.  It is not claimed here that the evidence did not make a case for the jury on the question of actionable negligence on the part of the defendant.

Plaintiff's wife was fatally injured in an automobile accident which occurred at the intersection of Pearl and Willard Streets in the city of Burlington.  The car driven by the plaintiff was a seven passenger Buick, weighing about 3,280 pounds.  The defendant was driving a Ford touring car which weighed about 1,580 pounds.  Pearl Street going east approaches Willard Street at a grade of nearly five per cent., which increases to a ''good sharp grade'' east of their intersection.  The grade of Willard Street is practically level at this point, descending slightly as it approaches Pearl Street from the south.  The streets cross substantially at right angles and to any distance here material are both straight.  The roadway of each is 35 feet wide between curbs.

The plaintiff is an experienced locomotive engineer and had driven an automobile many thousand miles before the accident.  He was proceeding east along Pearl Street, on the right-hand side of the street, driving at the rate of fifteen to eighteen miles an hour up the grade approaching Willard Street.  The road was clear ahead and defendant's car was the only other one in the immediate vicinity.  The brakes on plaintiff's car were in good condition.  He did not apply the brakes nor slacken his speed before the collision occurred, but he had the car under control up to the time of the collision.  As the plaintiff approached the intersection of the streets, and when he was about

twenty feet from the west side of Willard Street, he observed the defendant, who was approaching on Willard Street from the south, driving very near the center of the street. The defendant was then 100 to 110 feet from the south side of Pearl Street. The evidence was conflicting respecting the rate of speed at which the defendant was driving. His evidence tended to show that the speed of his car did not at any time exceed eight miles an hour, while the plaintiff's evidence tended to show that the defendant was driving about fifteen miles an hour when first seen, but that after the plaintiff started across Willard Street defendant increased his speed and was running about thirty miles an hour at the time of the collision. The plaintiff sounded his horn as he approached and again as he entered the intersections of the streets.

The plaintiff's automobile had passed the center of Willard Street when the collision occurred. The front end of the car had passed the east curb of the street and the rear end was six or seven feet east of the center thereof. When near the center of Willard Street the plaintiff discovered that the defendant was increasing his speed. Thereupon he turned to the left toward the center of Pearl Street to give the defendant more room, and his car was near the center of Pearl Street when the collision came. The defendant did not apply his brakes before the cars collided. Instead of proceeding straight ahead along the center of Willard Street, or swerving to the left as he might safely have done, the defendant turned to the right and gave his car such direction that his left-hand forward wheel and fender struck the right-hand rear wheel and fender of the plaintiff's car. The force of the impact was so great that the plaintiff's car was swept sidewise some distance and completely overturned. The plaintiff testified, as bearing upon the question of contributory negligence, that when he saw the defendant approaching Pearl Street he did not think there was any danger of a collision provided both cars proceeded as they were then proceeding; that the defendant was so far away he did not think it would be necessary to stop and allow him to pass; and that he did not think there was any danger or likelihood of a collision until it actually occurred. The defendant was an inexperienced driver. He had owned an automobile only about one month and estimated in his testimony that he had driven from 1,200 to 1,300 miles. It was the theory of the plaintiff that the defendant ''lost his

head'' and in his excitement opened the foot throttle, with which the car was equipped. instead of applying the brake. The facts recited were not undisputed but they constitute the case viewed in the light most favorable to the plaintiff.

[1, 2] Defendant's motion for a directed verdict was properly overruled. On the evidence the question of contributory negligence was one of fact for the jury. The defendant relies specially upon the claim that the plaintiff was guilty of contributory negligence as a matter of law, because it was undisputed that he was driving at a rate of speed in excess of ten miles an hour, and further because he violated the law of the road requiring him to yield the right of way to the defendant who was approaching him from the right. While the statute (G. L. 4697) made the operation of an automobile at the place in question at a rate of speed exceeding ten miles an hour "*prima facie* evidence that it was being operated carelessly or negligently," it does not have the effect claimed for it. The question whether the plaintiff's conduct was negligent was still one of fact on all the evidence. *Duprat* v. *Chesmore*, 94 Vt. 218, 226, 110 Atl. 305. The evidence lacks the conclusive effect required to make it a question of law, as to which see *Spaulding* v. *Mutual Life Ins. Co.*, 94 Vt. 42, 55, 109 Atl. 22; *Howard Nat'l Bk.* v. *Wilson*, 96 Vt. 438, 453, 120 Atl. 889.

[3, 4] Nor does the fact that the plaintiff did not yield the right of way to the defendant bar his recovery as matter of law. The statute relied upon (G. L. 4705) provides, under penalty of a fine, that all intersecting highways shall be approached and entered slowly and with due care to avoid accident; and that, except as otherwise provided, at intersecting highways all vehicles shall give the right of way to other vehicles approaching from the right, and shall have the right of way over those approaching from the left. It does not necessarily follow from the fact that the defendant was approaching the intersection of the streets from the plaintiff's right that the statute gave him the right of way over the plaintiff. Manifestly the relative distance of the vehicles from the point of intersection and their relative rate of speed must be taken into account. The right of precedence at a crossing given by the statute has no proper application except where the vehicles on intersecting streets approach the crossing so nearly at the same time and at such rate of speed that if both proceed, each without regard to the other, a collision or inter-

ference between them is reasonably to be apprehended. It follows that the driver of an automobile from the disfavored direction is not required, under all circumstances, before attempting to cross to await the passage of every car coming from the other direction, which, by a possible burst of speed, might reach the crossing of their path ahead of him; but if there is no one approaching the crossing upon the other street within such distance as reasonably to indicate danger of interference or collision, he is under no obligation to stop or wait, but may proceed to use the crossing as matter of right. Among the cases supporting this proposition are *Shirley* v. *Larkin Co.*, 239 N. Y. 94, 145 N. E. 751; *Barnes* v. *Barnett*, 184 Iowa, 936, 169 N. W. 365; *Hughes* v. *Hudson-Brace Motor Co.*, 111 Kan. 397, 207 Pac. 795; *Söderberg* v. *Taney*, 152 Minn. 376, 188 N. W. 993; *Neumann* v. *Apter*, 95 Conn. 695, 112 Atl. 350, 21 A. L. R. 970; *Rupp* v. *Keebler*, 175 Ill. App. 619; *Grant* v. *Marshall*, (Del. Super.), 121 Atl. 664; *Burdett* v. *Henson*, 96 W. Va. 31, 122 S. E. 356; *Ray* v. *Brannan*, 196 Ala. 113, 72 So. 16. See note 21 A. L. R. pp. 982-988, for additional cases.

[5, 6]   As already seen, there was evidence tending to show that the defendant's car was at least eighty feet from Pearl Street when the plaintiff started across Willard Street. Assuming that the defendant was then approaching the intersection of the streets at the same rate of speed that the plaintiff was driving, which was the highest speed disclosed in the evidence, it is quite apparent that a collision between the cars was not reasonably to be apprehended, if the relative rate of speed remained the same. In judging whether he could safely cross the intersection of the streets ahead of the defendant the plaintiff was not bound to anticipate that the defendant would increase his speed, as the evidence tended to show he did, but he had the right to assume in the absence of anything to the contrary that the defendant would observe the requirements of the statute respecting the speed at which he should approach the crossing. *Hatch* v. *Daniels*, 96 Vt. 89, 93, 117 Atl. 105; see *Neuman* v. *Apter*, 95 Conn. 695, 112 Atl. 350, 21 A. L. R. 970, and note to case in 21 A. L. R. p. 992. Besides, a violation of the statute would not bar plaintiff's recovery unless it was the proximate cause of the accident. *Hatch* v. *Daniels*, 96 Vt. 89, 92, 117 Atl. 105, and cases there collected. In the circumstances, it could not be held as matter of law that plaintiff's failure to give

the right of way to the defendant, if required by the statute, was a proximate factor of the collision.

[7-9]   It remains to consider whether the evidence made a case for the jury under the doctrine of the last clear chance. The defendant insists that there was no room for the application of the doctrine, claiming that on the undisputed evidence the negligence of the plaintiff operated continuously to the very time of the collision and so was a proximate cause of the accident.   It is the undoubted rule of our cases that the last clear chance doctrine does not apply when the negligence of the plaintiff and defendant is concurrent, or, in other words, proximately cooperates in producing the injury complained of. Manifestly, it would not apply when the plaintiff's negligence is contributory in a legal sense.   But the fact that his negligence has contributed to the happening of the accident does not necessarily defeat a recovery.   It is well settled that, where a plaintiff's negligence is in a legal sense remote and that of the defendant proximate, the former may recover notwithstanding such negligence.   Then it is that the doctrine of the last clear chance may be invoked.   Briefly, the doctrine presupposes a perilous situation, created or existing through the negligence of both plaintiff and defendant, but assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by use of the means available, avert the accident.   In such case, the negligence of the parties creating the situation is regarded as remote and that of the defendant in not averting the accident, after the peril is or should have been discovered, becomes the sole proximate cause of the injury.   *Dent, Admr.* v. *Bellows Falls & Saxtons River St. Ry. Co.,* 95 Vt. 523, 529, 116 Atl. 83; *LaMountain's Admx.* v. *Rutland R. R. Co.,* 93 Vt. 21, 24, 106 Atl. 517.

If negligence of the plaintiff is found, the test is (1) whether such negligence had ceased to be operative and become a mere condition or circumstance of the accident; and (2) whether there was, in legal contemplation, subsequent. negligence on the part of the defendant.   The pertinent facts clearly show a case for the application of the doctrine of the last clear chance.   Assuming that the situation was created through negligence on the part of both plaintiff and defendant, the time came when the plaintiff was powerless to avert the collision while the defendant was still able to do so.   The defendant does

not undertake to point out anything that the plaintiff omitted to do for the safety of those in his car after he had passed the center of the intersection, and it is quite apparent that thenceforward to proceed was his only avenue of escape. It is self-evident that it was then too late either to turn north along Willard Street or to apply his brakes and reduce his speed, which the defendant suggests as means the plaintiff should have taken to avoid the accident. It is equally apparent that the collision was fairly attributable to the subsequent negligence of the defendant. He could have avoided the accident by keeping a straight course ahead, or at least by swerving but a little to the left. Besides, plaintiff's evidence respecting the speed of the defendant's car made a case of negligence which was continuous till the collision occurred. It follows that the court did not err in the respect complained of.

*Judgment affirmed.*