DAVID CRICHTON *v.* BARROWS COAL CO., INC.

October Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed November 2, 1927.

*Negligence—Burden of Showing Freedom from Contributory Negligence—Question of Law—Acts of 1925, No. 70, § 86— Operation of Motor Vehicle in "Thickly Settled Portion of A Town"—Speed of Automobile as Prima Facie Evidence of Negligence.*

1. In action of tort for negligence, plaintiff has burden of showing freedom from contributory negligence on his part which was a proximate cause of accident.

2. Where undisputed evidence on issue involved is such as to admit of no opposing inferences, matter thereby becomes question of law.

3. Evidence whether automobile was being operated in "thickly settled portion of a town" within meaning of Acts of 1925, No. 70, § 86, *held* to admit of no opposing inferences, and to clearly show that it was so operated.

4. In action of tort to recover for injuries received in an automobile collision, testimony of plaintiff that he operated his automobile at a speed of 20 miles per hour through, what evidence showed as matter of law to be, a thickly settled part of a town, *held* under Acts 1925, No. 70, § 86, to be *prima facie* evidence of his contributory negligence, and, not being met or overcome by other evidence, to preclude his recovery.

ACTION OF TORT to recover for injuries received in an automobile collision. Plea, general issue. Trial by jury at the December Term, 1926, Bennington County, *Willcox,* J., presiding. Verdict and judgment for the plaintiff. The opinion states the case. *Reversed and judgment for the defendant.*

*Carpenter & Clawson* for the defendant.

*Holden & Healy* for the plaintiff.

SLACK, J.   The plaintiff seeks to recover for damages to his automobile caused by its colliding with defendant's coal truck, the action being predicated upon the alleged negligence of defendant's employee in driving and operating such truck.   The plaintiff had a verdict and judgment below, and the case is here on defendant's exceptions.

At the close of all the evidence defendant filed a motion for a directed verdict on the grounds:   (1) That there was no evidence tending to show that its negligence was a proximate cause of the accident; (2) that there was no evidence tending to show that plaintiff was free from contributory negligence; (3) that the undisputed evidence showed that plaintiff was driving his automobile through a thickly settled part of the town of Brattleboro in violation of the statute, *viz.*, at an excessive rate of speed, and that such conduct was the proximate cause of the accident; (4) the plaintiff had failed to prove the allegation in his declaration that the truck turned suddenly to the left.

It appeared that the accident happened about 9 o'clock in the forenoon of July 29, 1925, on the highway in front of the school house in the village of West Brattleboro; that plaintiff with other members of his family and a Mrs. Elwell was driving in his car from Bennington to some point in New Hampshire by way of West Brattleboro; that the road over which he was traveling curves slightly as it enters said village, but, after passing that curve runs on a straight course nearly east and west for several hundred feet, and is plainly visible all of the latter distance; that as plaintiff entered the stretch of straight road he saw defendant's truck coming from the opposite direction, some distance east of the school house; that the driver of the truck proceeded near the center, or his right-hand, or the north side, of the traveled portion of the highway which was 25 or more feet wide; that when the truck was about 75 feet from the plaintiff the driver turned it slightly to the latter's right; that plaintiff did not see the driver turn the truck to the driver's left, or have any intimation that he intended to do so, until he (plaintiff) saw the engine part of it directly in front of him, only ten or fifteen feet away; that the truck continued on its course so that plaintiff's car hit it between the front and rear wheels, just back of the driver's seat; that at that time the forward wheels of the truck were just off the south side of the hard-surfaced part of the road and the rear end of it was near

the center of the hard-surfaced part of the road; that the truck was loaded with coal which was being taken from defendant's shed to the school house in West Brattleboro.

[1] Whether the driver of the truck was negligent in attempting to pass in front of plaintiff's car at the time and in the manner that he did we do not pause to consider, since to entitle plaintiff to recover it was incumbent upon him to show freedom from contributory negligence on his part which was a proximate cause of the accident.

Act No. 70, Section 86, Laws of 1925, provides: "Except as otherwise herein provided, if a person operates a motor vehicle at a rate of speed exceeding thirty miles an hour outside a city or incorporated village or at a rate of speed exceeding fifteen miles an hour within a city, incorporated village or the thickly settled part of a town * * * * *it shall be *prima facie* evidence that the motor vehicle was operated carelessly or negligently." It. is not claimed, nor can it well be, that this provision is rendered ineffective by any other part of the act. Other questions respecting plaintiff's negligence aside, this issue is disposed of by a determination of the following questions: Was the place where the accident occurred within a thickly settled part of the town of Brattleboro? Was the plaintiff there operating his car at a rate of speed exceeding fifteen miles an hour? If so, was such excessive speed a proximate cause of the accident?

[2, 3] Assuming that what constitutes a thickly settled part of a town within the meaning of the statue is ordinarily a question of fact for the jury when, as here, the undisputed evidence is such as to admit of no opposing inferences it becomes a question of law the same as any other question standing in like manner. The plaintiff's own testimony respecting this matter which was undisputed, was, in effect, that going east through said village there are located on the south side of the highway in question, in the order named, a number of dwelling houses, a set of public scales, a large school house with a public playground near by, a church, and "from the church on it is all houses"; that about 95 feet west of the school house on the north side of the highway is the post office; that near the post office there are several stores and places of business; that the

north side of the highway is more thickly settled than the south side, and that "you strike that thickly settled portion about a quarter of a mile west of the school house." Clearly this evidence admits of no opposing inferences and is so conclusive in character that this question became one of law rather than one of fact. That plaintiff was not ignorant of the nature of that locality appears from his own testimony that he had been through there three or four times each year since 1923.

[4]    That plaintiff was driving his car through that village at a rate of speed which the statute declares to be *prima facie* evidence that such car was being operated carelessly and negligently appears, too, from his own testimony. He testified that he was going at least twenty miles an hour when he first saw the truck and continued at that speed until he saw the truck across the road in front of him 10 or 15 feet away. Other evidence in the case, including that of plaintiff's wife and daughter who were riding with him, tended to show that he was driving faster than 20 miles an hour, and some of it tended strongly to show that his speed was far in excess of that. But, be that as it may, his own testimony made a *prima facie* case against him on this issue and was in no way met or overcome by other evidence.

On the question of whether the speed at which plaintiff was driving his car at the time was a proximate cause of the accident we again turn to his own testimony. He testified that he was 10 or 15 feet from the truck when he discovered it across the road ahead of him; that he was "about 12 feet or so" from the truck when he applied his brakes; that his brakes were "all right"; that he could set the wheels of his car with the emergency brake, and that when going 20 miles an hour he could stop his car in a distance of 12 feet. Obviously, if plaintiff discovered the truck in season to apply his brakes when 12 feet from it and could stop his car in that distance when going 20 miles an hour, the accident would not have happened had he been traveling at a lawful rate of speed. Not only did plaintiff fail to produce evidence tending to show freedom from contributory negligence which was a proximate cause of the accident, but, as we have seen, such negligence affirmatively appeared from his own testimony.

Since our conclusion respecting the question of plaintiff's contributory negligence precludes a recovery, other questions raised are not considered.

*Judgment reversed and judgment for defendant to recover its costs.*