ROLLANDE L. LANDRY *v.* GERMAINE P. HUBERT.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 2, 1928.

*Searles & Graves* for the defendant.

*Samuel E. Richardson* and *David E. Porter* for the plaintiff.

CHASE, J.  Following the remand of this case (100 Vt. 268, 137 Atl. 97), a second trial resulted in a judgment for the plaintiff, which the defendant now attacks by one exception to the charge.

The action is based on the alleged negligence of the defendant in operating an automobile on the public highway. The plaintiff, a passenger in the car, was injured when it ran into the rear of a wagon loaded with lumber; and there was evidence tending to show that the proximate cause of her injuries was the lack of repair of the brakes on the automobile.

The instructions said to be erroneous were as follows: "If you find that the brakes were inadequate within the meaning of the statute, as we have explained it, and known to the defendant while the car was being driven by the defendant on this highway at the time in question, and that fact was the proximate cause of the accident, the defendant is guilty of actionable negligence and the plaintiff would be entitled to recover if her case is otherwise made out."  The statute referred to is section 4709, G. L., which provides among other things, that: "An automobile or motor vehicle while in use or at rest on a public highway shall be provided with an adequate brake."

In charging in effect that a breach of this statute was negligence *per se,* the learned judge had the support of much authority from other states.  Some of the cases are *Schell* v. *Du Bois,* 94 Ohio St., 93, 113 N. E. 664, L. R. A. 1917A, 710; *Irwin* v. *Judge,* 81 Conn. 492, 71 Atl. 572; *Scragg* v. *Sallee,* 24 Cal. App. 133, 140 Pac. 706; *Carter* v. *Caldwell,* 183 Ind. 434, 109 N. E. 355; and *Riser* v. *Smith,* 136 Minn. 417, 162 N. W. 520.  There is, indeed, force to the conclusion that one who violates a statute plainly enacted to compel the exercise of due care should not be permitted to debate the question of his negli-

gence in any particular instance where he has seen fit to act contrary to the law and has, when so doing, injured another whom the law was designed to protect. Yet such a position disregards the well-known standard of the prudent man in like circumstances on the assumption that one could never substitute his own judgment as to careful conduct in a definite and perhaps unusual situation for the general judgment of the Legislature expressed in the law and be in fact careful and prudent. Granted that the violation of such a statute as this will usually place the wrongdoer outside the prudent man classification, to rule that it always does so takes away from the jury the right to apply the prudent man test at all, whenever such a statute has been transgressed.

This position is beyond that hitherto taken by this Court. In *Lefebre's Admr.* v. *Central Vermont Ry. Co.*, 97 Vt. 342, 123 Atl. 211, following *Howe* v. *Central Vermont Ry. Co.*, 91 Vt. 485, 101 Atl. 45, and *Wakefield* v. *Conn. & Pass. Rivers R. R. Co.*, 37 Vt. 330, 86 A. D. 211, it was held that the violation of a safety statute made a *prima facie* case of negligence. It gives rise to a rebuttable, rather than a conclusive presumption of negligence and proof of the attendant circumstances may, in a civil case, counter-balance or overcome the effect of the statute. *Lachance* v. *Myers*, 98 Vt. 498, 129 Atl. 172; *Duprat et ux.* v. *Chesmore*, 94 Vt. 218, 110 Atl. 305; *Davis* v. *Whiting & Son Co.*, 201 Mass. 91, 87 N. E. 199.

In this case, the evidence was not so conclusive as to make the error harmless. The defendant had borrowed the car of her father. After she had driven some miles, she discovered that the brakes did not work well. With them in such condition she went on and the accident occurred. It will be noticed that the statute applies to an automobile on the public highway to the same effect, whether it is "in use" or "at rest." It applied as long as the defendant had the car on the highway whether she stopped, went on, or went back. (Only by taking the car from the highway entirely could she have had it where the statute was of no effect.) It was for the jury to determine, upon a consideration of all of the evidence in the case, whether she was negligent in what she did under the circumstances in which she found herself.

*Judgment reversed and cause remanded.*