RAYMOND C. BUCK, ADMR. *v.* RUTLAND RAILROAD COMPANY.

May Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, and MOULTON, JJ., and THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*Fenton, Wing & Morse,* and *Charles E. Novak,* for the plaintiff.

*Lawrence, Stafford & Bloomer* for the defendant.

POWERS, J.   The plaintiff, as administrator, sues to recover damages for the death of Janice Buck, who was killed by the defendant's train at the so-called Moulthrop Avenue crossing in the city of Rutland.   Verdict and judgment were for the defendant.   The plaintiff excepts.

Moulthrop Avenue is a public highway extending as it was laid out, westerly from South Main Street to the east line of, but not across the defendant's right of way, and then from the west line of that right of way on to the west.   How, if at all, this unusual situation affects the character of this crossing, or the defendant's duty toward persons using it, we now have no occasion to inquire.

There are three lines of track on the crossing, the main line being between two long sidings.   On the west side of the right of way, just south of the crossing, there is a creamery extending some 120 feet along a spur siding coming from the south. Along the west side of this building was a loading platform, the north end of which had been enclosed.   At the time of the accident, a box car stood on the spur near its north end.

The patrons of the creamery made their deliveries of milk at a door on the west side and near the middle of the creamery building.   When the milk cans there delivered were emptied and washed, they were returned to the patrons through a doorway farther south.

The crossing was built and is maintained by the defendant and does not materially differ in structure or appearance from the ordinary railroad grade crossing.

To one going onto this crossing from the west, the view of the defendant's main line to the south was practically if not completely cut off. He could not see a train approaching from that direction until he cleared the box car referred to. Then he could see down the track to the south for a long distance. The dangerous conditions at this crossing were too obvious to be overlooked.

On the morning of the accident, Janice Buck, a girl seventeen years of age, driving a horse hitched to an express wagon, delivered milk at the creamery. She received her empty cans and was returning to the city over this crossing. Her horse was at a walk, and she was utterly oblivious to the defendant's train, which was approaching rapidly from the south. She so remained up to the very instant of the collision of the train with her team, which collision so injured her that she died the next day. In the circumstances disclosed by the record, there can be no question as to how the law regards her conduct: She was guilty of negligence which would bar a recovery in this action unless the case can be saved by the application of the doctrine of "the last clear chance."

But it is a familiar rule of pleading in this class of cases, which rule is unaffected by our Practice Act, that the acts or omissions constituting the negligence complained of must be averred in traversable form (*Devino* v. *Central Vermont Ry. Co.*, 63 Vt. 98, 102, 20 Atl. 953; *Brother's Admr.* v. *Rutland R. R. Co.*, 71 Vt. 48, 49, 42 Atl. 980), and that recovery can be had only for the negligence so charged. *Seeley* v. *Central Vermont Ry. Co.*, 88 Vt. 178, 183, 92 Atl. 28; *Landry* v. *Hubert*, 100 Vt. 268, 280, 137 Atl. 97; *Milligan, Admr.* v. *Clogston*, 100 Vt. 455, 459, 138 Atl. 739. This rule requires one who would avail himself of the "last clear chance" doctrine to allege the facts which gave rise to the duty on the part of the defendant to act for his protection after the latter discovered, or ought to have discovered, the peril into which the former's negligence had led him. 11 C. J. 282; White's Suppl. Thomp. Neg., § 7466; *Hawkins* v. *Missouri, etc., R. R. Co.*, 36 Tex. Civ. App. 633, 83 S. W. 52; *Vetter* v. *Traction Co.*, 13 Oh. Cir. Ct. (N. S.) 35; *Emmons* v. *Pacific Co.*, 97 Or. 263, 191 Pac. 333; *Stewart* v.

*Portland R. L. & P. Co.,* 58 Or. 377, 114 Pac. 936.   See, also, *Drown* v. *Northern Ohio Trac. Co.,* 76 Ohio St. 234, 81 N. E. 326, 10 L. R. A. (N. S.) 421, 118 A. S. R. 844, 850.

■   This the plaintiff has not done.   He complains of the excessive speed of the train, the absence of a flagman at the crossing, the lack of warning by bell, whistle, or otherwise, and the failure of the trainmen to watch out for travelers on the crossing.   But not a word does he say indicating that the trainmen failed in their duty after they discovered, or ought to have discovered, the decedent's peril.   Therefore the "last clear chance" doctrine was not in the case.

*Affirmed.*