ROSS T. WRIGHT *v.* ZEPHIR GODIN.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed January 7, 1936.

24

*Paul Gilioli* and *John J. Moke,* of Littleton, N. H., for the defendant.

*W. M. Wright* for the plaintiff.

MOULTON, J.  This action in tort is the outcome of an automobile collision.  It was tried without a jury; the judgment was for the plaintiff, and the defendant excepted.

The findings of fact are extremely meager.  As relating to the question of liability, which is the only one important here, they are as follows:

"I find the defendant operated his car in a careless and negligent manner in traveling 30 miles per hour on a slippery road and failing to pass an oncoming car by turning sufficiently to the right when he had plenty of room to do so.

"I find the plaintiff was negligent in the operation of his car in that on his own statement he would have been unable to stop his car behind the milk team without a collision therewith, but I am unable to find that the negligence of plaintiff was a contributing cause of the accident, because I am unable to find that at any time he was any appreciable distance to the left of the center of the highway as he was then travelling.

"I find further that even though they were both negligent, the defendant had the last clear chance to avoid the accident by turning to the right, so that the negligence of the defendant becomes sole proximate cause."

The defendant raises no question concerning the finding that he was negligent, but he insists that, since the plaintiff was also negligent, there can be no recovery, and he objects to the finding that he had the last clear chance because no facts showing the applicability of this doctrine are alleged in the declaration.

The mere fact that the plaintiff was negligent is not, of course, a bar to his recovery. To have such an effect the failure to exercise ordinary care must have contributed to the accident; that is, it must have formed a proximate cause of it. Negligence by itself does not necessarily bring injurious consequences and resulting liability in its train. It may be of such a nature as to be unrelated to the catastrophe.

It is the rule in this jurisdiction that in a negligence case the burden of showing freedom from contributory negligence is upon the plaintiff. *Duggan* v. *Heaphy*, 85 Vt. 515, 531, 83 Atl. 726; *Wentworth* v. *Waterbury*, 90 Vt. 60, 64, 96 Atl. 334; *Bancroft's Admx.* v. *Cote*, 90 Vt. 358, 361, 98 Atl. 915; *Crichton* v. *Barrows Coal Co.*, 100 Vt. 460, 462, 139 Atl. 252.

When the trial judge stated that he was unable to find that the plaintiff's negligence was a contributing cause of

the collision, he said, in effect, that he was in doubt upon the issue. This negative finding is not that the plaintiff was free from fault in this respect, but that the trier was not satisfied that he was so free. It does not satisfy the rule as to the burden of proof, which requires an affirmative conclusion as to the absence of contributory negligence. We must, of course, indulge all reasonable intendments in favor of the judgment and read doubtful findings in support of it, if we can reasonably do so. *Reed* v. *Hendee,* 100 Vt. 351, 354, 137 Atl. 329. But we cannot supply the omission of an essential fact which is not fairly inferable as resulting from the facts as found. *Smead* v. *Lampher,* 87 Vt. 1, 6, 86 Atl. 1005. The finding in the last paragraph that the negligence of the defendant became the sole proximate cause refers to the application of the last clear chance rule, which will be next considered.

■ ■ The finding that the defendant had the last clear chance to avoid the collision cannot benefit the plaintiff. One who would avail himself of this doctrine is required to allege in his declaration the facts which gave rise to the duty on the part of the defendant to act for the protection of the plaintiff, after having discovered, or being in a situation in which he ought to have discovered, the peril into which the latter had been placed by his own negligence. *Buck, Admr.* v. *Rutland R. R. Co.,* 101 Vt. 282, 284, 143 Atl. 297. This the plaintiff has failed to do. The finding does not conform with the issues presented by the pleadings, upon which the defendant was entitled to rely and is not binding. *Goodenough* v. *McGregor et al.,* 107 Vt. 524, 181 Atl. 287 (decided at the November Term, 1935) ; *Noyes et al.* v. *Pierce,* 97 Vt. 188, 193, 122 Atl. 896. No suggestion is made that the trial proceeded otherwise than in accordance with the issues so made.

The judgment of the trial court must be reversed, but we will not render final judgment here. Enough has appeared in the record to engender the belief that upon another trial, with amended pleadings and more detailed and adequate findings of fact, the case may be presented in such a manner that the rights of the respective parties may be understandingly adjudicated upon the merits of the controversy.

*Judgment reversed, and cause remanded with leave to the plaintiff to apply.*