FLORENCE SHEA, B. N. F. *v.* GERARD PILETTE.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed January 5, 1937.

*Finn & Monti* for the plaintiff.

*Theriault & Hunt* for the defendant.

MOULTON, J. An ordinance of the City of Barre forbade coasting upon any of the streets or highways therein, except such as should be designated for such use during the winter season by resolution or vote of the city council. A subsequent section provided that a person who neglected or refused to comply with any order or direction of the city council should be subject to a fine. During the evening of January 26, 1934, the plaintiff, aged 18, along with several companions, was coasting down the hill on Beckley Street, which was not a street designated for such use, and upon which several placards were placed calling attention to the fact that coasting thereon was strictly prohibited. The traverse sled collided with a truck driven by the defendant, with the result that the plaintiff was severely injured. In the trial court a verdict was directed for the defendant, and the case is here upon the plaintiff's exception to that ruling. There seems to be no question that the evidence tended to show that the defendant was guilty of negligence, and the issue raised by the motion is whether the plaintiff's recovery is barred by her own conduct in violation of the ordinance.

The ordinance was within the competency of the city council to enact. See *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. ed. 923, 925, 5 Sup. Ct. 357; *Hutchinson* v. *Concord,* 41 Vt. 271, 273, 98 A. D. 584. It was clearly designed to prevent just such an accident and resultant injury as happened in this instance. *Mun-*

*roe* v. *Hartford St. Ry. Co.,* 76 Conn. 201, 56 Atl. 498, 500; *Gorris* v. *Scott,* L. R. 9 Exch. 125, 128ff. There is no provision that a civil action shall accrue to a person injured by another's breach of the law and we cannot stretch the intent of the lawmaking body to include such a right, for such a deliberate omission is not to be supplied. *Evers* v. *Davis,* 86 N. J. Law, 196, 90 Atl. 677, 679. "On the other hand the argument that the failure to give a private action bespeaks an intent that the statute shall have no effect on private rights has little weight. The Legislature must be assumed to know the law, and if upon common law principles such a statute would affect private rights, it must have been passed in anticipation of such a result. The Legislature is to be credited with meaning just what it said—that the conduct forbidden is an offense against the public, and that the offender shall suffer certain specified penalties for his offense. Whether his offense shall have any other legal consequence has not been passed upon one way or the other as a question of legislative intent, but is left to be determined by the rules of law * * *. The impropriety of such speculation about an unexpressed legislative purpose to benefit individuals is more clearly apparent with an ordinance than with a statute. An inferior body exercising delegated powers must be kept strictly within them; and the authority to create new civil rights and liabilities is not to be inferred from the mere power to enact traffic ordinances and provide penalties for breaking them. If the effect of such an ordinance is to change the relations of individuals to one another, this must come about not through the intent of those who enacted the ordinance, but by the operation of common-law principles. It thus becomes a question of applying to the situation the principles of the law of negligence, in the light of which the ordinance was passed." E. R. Thayer, "Public Wrong and Private Action," 27 *Harvard Law Review,* 317, 329, 330.

█ We have held in several decisions that the breach of a safety statute makes a *prima facie* case of negligence and gives rise to a rebuttable presumption of the lack of ordinary care on the part of the delinquent, the most complete statement of this doctrine being found in *Landry* v. *Hubert,* 101 Vt. 111, 113, 141 Atl. 593, 63 A. L. R. 396. In that cause the defendant, while driving a borrowed automobile, discovered that the brakes would not hold, and continued on her way in violation of the statutory requirement that "an automobile or motor vehicle while in use

or at rest on a public highway shall be provided with an adequate brake.'' (G. L. 4709.) An accident occurred which the evidence tended to show was caused by such inadequacy. It was held that an instruction that the breach of the statute was negligence *per se* ''disregards the well-known standard of the prudent man in like circumstances on the assumption that one could never substitute his own judgment as to careful conduct in a definite and perhaps unusual situation for the general judgment of the Legislature expressed in the law and still be in fact careful and prudent. Granted that the violation of such a statute as this will usually place the wrongdoer outside the prudent man classification, to rule that it always does so takes away from the jury the right to apply the prudent man test at all, whenever such a statute has been transgressed.'' Subsequent decisions citing and following *Landry* v. *Hubert,* and dealing with statutes relating to automobile appliances and traffic regulations are *Jasmin* v. *Parker,* 102 Vt. 405, 416, 148 Atl. 874; *Rule* v. *Johnson,* 104 Vt. 486, 490, 162 Atl. 383; *Steele* v. *Fuller,* 104 Vt. 303, 310, 158 Atl. 666; and *Palmer* v. *Marceille,* 106 Vt. 500, 507, 508, 175 Atl. 31. There are other decisions along this line but they are not in point. *Lachance* v. *Myers,* 98 Vt. 498, 129 Atl. 172; *Duprat* v. *Chesmore,* 94 Vt. 218, 110 Atl. 305; *Wellman* v. *Wales,* 97 Vt. 245, 253, 122 Atl. 659; *Crichton* v. *Barrows Coal Co.,* 100 Vt. 430, 463, 139 Atl. 352; *Higgins* v. *Metzger,* 101 Vt. 285, 291, 143 Atl. 394; and *Sulham* v. *Bernasconi,* 106 Vt. 192, 198, 170 Atl. 913, have to do with the statute providing that the speed of an automobile beyond a certain limit shall be *prima facie* evidence of negligence. *Wakefield* v. *Conn. & Pass. Rivers R. R.,* 37 Vt. 330, 86 A. 'D. 711; *Howe* v. *Central Vt. Ry. Co.,* 91 Vt. 485, 101 Atl. 45; and *Lefebvre's Admr.* v. *Central Vt. Ry. Co.,* 97 Vt. 342, 123 Atl. 211, involve the statute requiring warnings by locomotive whistle or bell as a train approaches a grade crossing. In all these cases the statute itself prescribed the rule as to negligence.

There may be, however, circumstances under which the breach of a statutory duty will be determinative of the existence of negligence, *Jasmin* v. *Parker, supra,* or negligence *per se. Hatch* v. *Daniels,* 96 Vt. 89, 92, 117 Atl. 105; *Kilpatrick* v. *Grand Trunk R. R. Co.,* 74 Vt. 288, 296, 52 Atl. 531, 93 A. S. R. 887. That this is so is recognized in the quotation from *Landry* v. *Hubert, supra.*

452

■ The ordinance in the instant case is not a mere rule of convenience, as in *Jasmin* v. *Parker, supra.* It is something more than a regulation of the manner in which an otherwise lawful use of the highway may be exercised, or of the condition of the vehicles to be operated thereon. In the words of *Boyd* v. *Ellison,* 248 Mass. 250, 143 N. E. 41, 42, it is "an absolute prohibition against the use of the streets for coasting. The element of illegality inheres in the action and not in the mode of its exercise. The act of coasting in itself constitutes the illegality of the coaster's conduct, and not the manner in which that person exercises the common right to travel upon the public ways. The ordinance in question does not concern itself with the form of the coasting conveyance or with any adjunct to it." Applications of this principle may be found in *Query* v. *Howe,* 273 Mass. 92, 172 N. E. 887, 888; *Richards* v. *Pass,* 277 Mass. 372, 178 N. E. 643, 644; *Ahmedjian* v. *Erickson,* 281 Mass. 6, 183 N. E. 65, 66; *Frazier* v. *Reinman,* 230 App. Div. 394, 245 N. Y. S. 32, 33; *Farrington* v. *Chepsonis,* 84 Conn. 1, 8, 78 Atl. 652; and *Munroe* v. *Hartford St. Ry. Co.,* 76 Conn. 201, 56 Atl. 498, 500, 501.

■ It appeared in evidence that the visibility was good, the ground was covered with snow, it was a very light moonlit night and there were three street lights on the hill. The starting point of the slide was some 300 paces (about 900 feet) from the place of the accident. The speed attained before the collision was at least thirty-five miles an hour, and might have been fifty miles an hour. Although equipped with a braking device, the traverse could not be stopped until the bottom of the hill was reached, as the plaintiff well knew. Before starting, she looked, as she testified, but did not see the defendant's truck which was then parked, with lights extinguished, part way down the street, facing up the hill, on its right side of the road. She looked also for the reflection of lights which would indicate automobiles approaching from the side streets, and saw none. She first saw the truck after starting on the slide, when, with one light on, it started diagonally across the road to enter a side street. The road was rutted and there was ice upon its surface and a snow bank on the side. The plaintiff testified that she assumed that there would be no automobile on the road and if there were one, the driver would see the traverse and avoid it, although otherwise there would be a collision; that if the automobile were

coming up the Beckley Street hill, it would keep to its right, because the traverse had the right of way on the other side of the street, and if a car were coming in from one of the side streets, the speed of the traverse would carry it past the intersection in time to avoid a meeting. Other testimony, including that of the youth who was steering the traverse, corroborated her.

Under these circumstances it cannot be said that the presumption of negligence afforded by the breach of the ordinance was rebutted, or that it was not determinative of the issue. The plaintiff's act was deliberate, with full knowledge of the situation, the danger of the enterprise, and the authoritative prohibition of the use of the street for coasting for the purpose of avoiding such danger.

Of course, to bar her recovery, the plaintiff's conduct must have been a proximate cause of the accident. *Rule* v. *Johnson, supra; Wellman, Admr.* v. *Wales, supra; Hatch* v. *Daniels, supra; Gilman* v. *C. V. Ry. Co.,* 93 Vt. 340, 346, 347, 107 Atl. 122, 16 A. L. R. 1102; *Dervin* v. *Frenier,* 91 Vt. 398, 401, 402, 100 Atl. 760; *Corbin* v. *Grand Trunk R. R. Co.,* 78 Vt. 458, 461, 63 Atl. 138; *Hoadley, Admr.* v. *International Paper Co.,* 72 Vt. 79, 81, 47 Atl. 169. But that this was so cannot be doubted. Her negligence was operative during the entire descent. She was not excused by the impossibility of stopping the traverse once it had started, a fact of which she was well aware, because she voluntarily and knowingly assumed the risk of being unable to do so. *Goodwin* v. *Gaston,* 103 Vt. 357, 367, 154 Atl. 772.

It is argued that the defendant had the last clear chance to avoid the accident. But since the declaration does not allege facts which gave rise to a duty in this respect, and it does not appear that the issue was made below, this theory is not for our consideration. *Wright* v. *Godin,* 108 Vt. 23, 182 Atl. 189, 190; *Buck's Admr.* v. *Rutland R. R. Co.,* 101 Vt. 282, 284, 143 Atl. 297.

No error is made to appear.

### ON MOTIONS FOR REARGUMENT AND REMAND.

After the foregoing opinion had been handed down, the plaintiff, having first obtained leave, filed a motion for reargument, a motion for permission to amend the declaration in this

court, and a motion for the remand of the cause to the county court. The entry order was withheld pending their disposition. The motion for reargument is predicated upon the claim that the declaration had been amended in the trial court, so that the doctrine of the last clear chance was in issue, and consequently that our assumption that this question was not before us is erroneous.

It appears that on February 21, 1935, while the cause was pending in the county court, the plaintiff filed with the clerk a motion to amend the declaration so as to include allegations making available the theory of the last clear chance, as required by *Buck, Admr. v. Rutland R. R. Co.*, 101 Vt. 282, 284, 143 Atl. 297. The docket entries and the records, however, do not show that the motion was ever brought up for hearing, or granted. The plaintiff's counsel claims that at the March Term, 1935, of the county court Judge Davis, who presided, granted the motion, although through some oversight no record of it was made, but this is denied by the defendant's counsel, and Judge Davis' recollection does not serve him upon the point. Be it as it may, there is nothing in the record to show that Judge Sherman, before whom the cause was tried at the September Term, 1935, was informed of the claimed amendment or understood that the cause was being tried upon an issue other than that set forth by the declaration as originally filed. The evidence adduced by both parties, while no doubt much of it would have been relevant to the issue of the last clear chance, was clearly relevant to the issue presented by the pleadings. There is nothing that satisfies us that the defendant in the conduct of his case acquiesced in a broadening of the issue beyond what was contained in the declaration. The doctrine of last clear chance was not mentioned during the trial until, at the close of all the evidence, the plaintiff moved for a directed verdict, in part upon this ground. But the trial court cannot be put in error for refusing to direct a plaintiff's verdict upon an issue not made by the pleadings of record and not made distinct by the conduct of the parties during the trial, or for directing a defendant's verdict in opposition to the claim of such an issue.

A reargument will not be granted to permit a party to present a new question not raised below. *Ryan v. Orient Insurance Co.*, 96 Vt. 291, 305, 307, 119 Atl. 423. The motion to reargue is therefore denied.

█ The motion for permission to amend in this court is also denied, since, as we have seen, it does not appear that the cause was tried in all respects as it would have been had the declaration contained allegations which permitted the application of the doctrine of the last clear chance. *Barre Trust Co.* v. *Ladd,* 103 Vt. 392, 402, 154 Atl. 680; *Wellman, Admr.* v. *Mead,* 93 Vt. 322, 337, 338, 107 Atl. 396.

The motion to remand the cause is founded upon the proposition that since the plaintiff at the time of the trial believed that the amendment had been allowed and introduced evidence tending to show that the defendant had the last clear chance to avert the accident, it would be an injustice to deprive her of a trial upon this issue, which could be rendered available by an amendment to the declaration made after leave granted in the trial court.

We do not question the good faith of plaintiff's counsel in the assertion of his belief that this amendment had been allowed; the trouble consisted in the failure to discover that it did not appear of record and to bring the matter to the attention of the court and opposing counsel, so that both could clearly understand the issues and appropriate action thereon could be taken.

█ That we have the power in our discretion, and to prevent a failure of justice, to remand the cause is beyond question, and it has been our practice to do so when the circumstances warrant it, regardless of the existence of error in the trial court. Examples may be found in the following decisions: *Kennett & Mudgett* v. *Tudor,* 85 Vt. 190, 197, 199, 81 Atl. 633; *Lapoint* v. *Sage & Lapoint,* 90 Vt. 560, 565, 99 Atl. 233; *Hebard* v. *Cutler,* 91 Vt. 218, 222, 99 Atl. 879; *Gaines* v. *Baldwin,* 92 Vt. 451, 454, 104 Atl. 825; *Rice* v. *Bennington County Sav. Bank,* 93 Vt. 493, 512, 108 Atl. 708; *O'Boyle* v. *Parker Young Co.,* 95 Vt. 58, 63, 112 Atl. 385; *Peters* v. *Est. of Poro,* 96 Vt. 95, 109, 117 Atl. 244, 25 A. L. R. 615; *Parker* v. *Bowen,* 98 Vt. 115, 120, 126 Atl. 522; *Weinberg* v. *Roberts,* 99 Vt. 249, 253, 131 Atl. 14; *Pennock* v. *Goodrich,* 102 Vt. 68, 72, 146 Atl. 1; *Goodenough* v *McGregor,* 107 Vt. 524, 528, 181 Atl. 287; *Wright* v. *Godin,* 108 Vt. 23, 182 Atl. 189, 191; *Vilas* v. *Seith,* 108 Vt. 18, 183 Atl. 854, 856; *Belfore* v. *Vermont State Highway Board,* 108 Vt. 396, 187 Atl. 797 (Nov. Term, 1936); *Johnson* v. *Hardware Mutual Cas. Co.,* 108 Vt. 269, 187 Atl. 788 (Nov. Term, 1936). In *Johnson* v. *Wells-Lamson Quarry Co.,* 103 Vt. 475, 156 Atl. 681, 77

456

A. L. R. 492, the plaintiff, to whom certain facts were available on trial, omitted to apply for an amendment to embody them in the declaration, but permitted the cause to proceed to final judgment against her, and it was held that she could not thereafter prosecute another suit for the same cause of action predicated upon different facts than those already shown. This decision in no way modifies the rule which we have stated above.

■■ The doctrine of the last clear chance presupposes a perilous situation, created or existing through the negligence of both plaintiff and defendant, but assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by use of the means available avert the accident. In such a case, the negligence of the party creating the situation is remote, and that of the defendant in not averting the accident, after the peril is or should have been discovered, becomes the sole efficient cause of the injury. *Lachance, Admr.* v. *Myers,* 98 Vt. 498, 505, 129 Atl. 172; *Dent* v. *Bellows Falls, etc., St. Ry. Co.,* 95 Vt. 523, 529, 116 Atl. 83; *LaMountain's Admx.* v. *Rutland R. R. Co.,* 93 Vt. 21, 25, 106 Atl. 517. That the doctrine may apply where the plaintiff's negligence consists in the breach of a safety ordinance is implied in *Frazier* v. *Reinman,* 230 App. Div. 394, 245 N. Y. S. 32, 34.

■ The transcript contains evidence tending to show that the defendant started his truck and drove diagonally across the street to the left side of it after the traverse had started upon the descent; that the light was such that it could have been seen by the defendant at all times after it had started; that the defendant knew that the hill was being used for coasting, and that he had reason to believe that there were traverses at the top of the hill; that he knew the course taken by the sleds, and their speed, and he realized the danger in turning his truck into the side street if somebody were coming down the hill. He could have stopped if he had seen the helpless position of those on the traverse. The witness Robarge testified that she saw him start and called and gestured to him to warn him that the traverse was coming.

It is not our province to pass upon the weight of this evidence, or the effect upon it of the defendant's testimony. It is enough to say that, had the question of the last clear chance been properly raised and insisted upon, a verdict for the defendant could not have been granted. We think that it would

be an injustice to the plaintiff, under the circumstances, to deny her the opportunity of presenting this issue to the jury as a ground of liability, and the cause will be remanded for this purpose.

*Judgment reversed pro forma and cause remanded with leave to the plaintiff to apply for an amendment of the declaration. Such application to be made within ten days after the opening of the March Term, 1937, of Washington county court, and, if granted, a new trial may be had upon the issue of the last clear chance as a ground of liability. If application is not so made, judgment to be affirmed.*