NATIONAL DISCOUNT CORP. *v.* HASPER.

1. Guaranty—Accommodation Surety.

Dealer who sold truck on conditional sales contract, discounted contract, and guaranteed its payment, is absolute guarantor, and not accommodation surety or guarantor.

2. Same—Repossession—Delivery—Notice.

Where dealer sold truck on conditional sales contract, discounted contract, and guaranteed its payment in case of purchaser's 'default, repossession, and return to him of truck, delivery of truck, after repossession, to garage where he was employed, and notice to him that it was held for his benefit, was sufficient delivery.

3. Same—Resale—Impairment of Security—Release.

Dealer, who after truck was repossessed by purchaser of sales contract, agreed to its resale, was not thereby released from guaranty of payment of contract, except as to extent, if any, of impairment of his security by reason of departure from terms of resale to which he had agreed.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 17, 1933. (Docket No. 90, Calendar No. 36,861.) Decided April 4, 1933.

Assumpsit by National Discount Corporation, a corporation, against Cornelius Hasper, doing business as United Auto Company, on contract of guaranty. Judgment for defendant. Plaintiff appeals. Reversed.

*Alexis J. Rogoski,* for plaintiff.

*Turner, Engle & Cochran,* for defendant.

BUTZEL, J. Cornelius Hasper, defendant, while engaged in the automobile business in Muskegon, sold a truck for $376.40 on a conditional sales contract to one Lee. He discounted the contract with the National Discount Corporation, plaintiff herein. In assigning the contract, defendant gave a specific and absolute guaranty of future payments and stipulated that, in the event of default of the vendee, plaintiff was authorized to repossess and deliver the truck to defendant. Upon delivery, the latter agreed to pay immediately the full amount due, together with all expenses of repossession. The contract further provided that the guaranty should be a continuing one until all payments, terms, and conditions were fully paid and performed.

Lee, the original vendee under the contract, defaulted. Plaintiff repossessed the car, delivered it to a garage where defendant had been employed following discontinuance of his auto business, and demanded full payment of the balance. Defendant admitted that he was still bound, and, when a party by the name of Deeter became interested in the purchase of the truck through plaintiff's efforts, de-

fendant not only saw Deeter but agreed to contribute towards the expense of repairing the truck, so as to effect the sale. There is some dispute in the testimony as to whether defendant agreed to the terms on which Deeter was to purchase the car. Defendant admitted that he considered himself still bound to plaintiff and offered to assume $25 or $30 on the last payment due on the contract. There was $47.50 past due on the contract at the time of the Deeter transaction. Defendant claims that the following conversation took place between himself and plaintiff's manager:

"And I said that I was willing to assume $25 or $30 to apply on that last payment. And he said, 'What kind of terms can you make to this man, Deeter?' And I said, 'He is to bring the contract up to date.' And he said, 'If we can make a deal, he will make $20 now and $20 each week thereafter. He wanted to get out on the job in the morning and make the trip and wanted to get started.'"

Plaintiff's witnesses testified that the best terms they could get from Deeter were a down payment of $15 and $20 a week thereafter. Upon payment of $15, which was credited to defendant's account, Deeter took possession of the truck, but it broke down on the very first trip, and he refused to make the purchase, owing to its alleged defective condition. Deeter employed the car in the hauling of pulp wood, a use regarded as very wearing on a truck. It was finally returned to the garage where defendant worked.

Defendant claims that he was released from his guaranty by the attempted sale to Deeter. The trial judge held that plaintiff had failed to make out a case, had not sustained the burden of proof, and that defendant was released from the guaranty.

Defendant was not an accommodation surety or guarantor. *Rose* v. *Ramm,* 254 Mich. 259; *Grinnell Realty Co.* v. *General Casualty & Surety Co.,* 253 Mich. 16.   He made an absolute and unconditional promise to pay the amount of the contract in event of default by the vendee.   In consideration of it, he was paid the amount due thereunder, less the discount exacted by plaintiff.   We need not discuss the question of novation, for the evidence discloses no intention to substitute Deeter for defendant as the party bound to perform.   At most, it was an attempted sale.   No written contract was executed, and the truck was returned to the garage at which defendant was employed.   Defendant claims that the truck was never actually returned to his possession. The testimony shows conclusively that he was notified of its return and the fact that it was being held for his benefit.

The chief defense raised is that plaintiff misrepresented the terms of the sale, and that defendant would never have rented or sold the truck on a deal calling for such a small down payment, especially in view of the wearing use to which the truck was to be put.   The most, then, defendant may claim is an impairment of the plaintiff's security, on account of which defendant might hold plaintiff responsible. Such an impairment does not release the guarantor from liability except to the extent that the security has been damaged.   *Central State Bank* v. *Ford,* 181 Iowa, 319 (164 N. W. 754); *First International Bank* v. *Beiseker,* 43 N. D. 446 (175 N. W. 637).

Plaintiff made out a cause of action.   If the judge should find on a new trial that the truck was damaged to the extent of more than $15 as a result of its use by Deeter, and that the attempted sale to Deeter on the terms stipulated was unauthorized, then de-

fendant would be entitled to a deduction from the total sum due plaintiff to the extent of any damage to the truck over and above the $15 already credited him.

The judgment of the lower court is reversed, with costs to plaintiff, and a new trial ordered.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.