# Frank J. Fabian v. Barrett Insurance Agency, Inc.

[108 A2d 256]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed October 5, 1954.

*J. Malcolm Williams* for the defendant.

*Philip M. M. Phelps* for the plaintiff.

**Jeffords, J.** This case is here on a demurrer to a complaint. The demurrer was overruled, the complaint was adjudged sufficient and the cause was passed to this Court before final judgment under the Statute V. S. 47, § 2124, with exceptions to the defendant.

The allegations in the complaint are, in substance, as follows: The plaintiff is an employer under the provisions of the Workmen's Compensation Act. The defendant solicited all of the insurance business of the plaintiff and assured him that if all or a substantial part of such business were given that it would look after his interests and keep him fully and properly insured. The defendant wrote policies covering the plaintiff under the Act and undertook to keep him properly insured and protected in this respect from year to year, up to, and including September 22, 1952. The defendant owed the plaintiff the duty to exercise due care and skill in keeping the plaintiff properly insured against liability under the Act, and to forthwith notify the plaintiff in case he was at any

time not so insured. The plaintiff relied on the promises and duty of the defendant to keep the plaintiff properly insured and to notify him if he were not so covered. The defendant wrongfully and negligently failed and neglected to effect any insurance under the Act and so failed to notify the plaintiff that he was not so covered during the period from September 15, 1952, to September 22, 1952.

On August 27, 1952, the plaintiff received an official notice that the insurance company which had issued its policy covering the plaintiff under the Act had cancelled the same, the cancellation to become effective September 15, 1952. The plaintiff then talked with an employee and agent of the defendant who assured and promised him that the defendant would keep the plaintiff fully insured at all times against liability for loss under the Act. The plaintiff relied on this representation. The defendant never effected any such insurance nor did it notify the plaintiff that he was not so covered, after September 15, 1952.

Then follow allegations as to an accident and a hearing as a result thereof before the Commissioner of Industrial Relations and an order against the plaintiff.

It is then alleged "That the defendant wrongfully, carelessly, negligently, and in breach and in violation of its duties to the plaintiff, failed to keep the plaintiff insured against his liability under the Workmen's Compensation Act, and failed to notify him that he was not covered under the Workmen's Compensation Act during the period from September 15, up to and including September 22, 1952, and failed to defend the said claim, and has failed to make itself responsible for the aforesaid order made by the Commissioner of Industrial Relations."

The complaint concludes with an allegation of freedom from contributory negligence and other allegations not here material.

The first ground of the demurrer is, "That plaintiff's complaint does not aver facts constituting an action sounding in tort, particularly because of failure to positively aver an act of negligence."

█ It is a rule of pleading, unaffected by our Practice Act, that the acts or omissions constituting the negligence

complained of must be averred in traversable form. *Buck, Admr.* v. *Rutland R. R. Co.*, 101 Vt 282, 284, 143 A 297, and cases cited.

■ Facts from which a duty springs must be spread upon the record so that the court can see that the duty is made out. *Kennedy* v. *Morgan*, 57 Vt 46.

Applying these rules, it is apparent that the complaint is sufficient as against the first ground of the demurrer. The acts or omissions constituting the negligence here complained of are failure to keep the plaintiff insured under the Act and failure to notify him that he was not so covered during a material time. These acts or omissions are averred in traversable form.

The duty to keep so insured and to so notify springs from the alleged promises of the defendant to look after the interest of the plaintiff in respect to insurance and to keep him fully and properly covered under the Act.

The second ground of the demurrer is as follows: "That if the Court should find that the plaintiff's complaint properly sets forth an action sounding in tort, then and in that event, defendant says that the gravamen of plaintiff's complaint is a claimed simple and entire breach of contract by defendant. This would sound in contract and there would be a misjoinder of actions in one count."

This ground is without merit. The gravamen of the action is alleged to be a breach of duty—negligence and wrong. These allegations characterize the action. They show it to be for a breach of defendant's duty and this breach of duty is alleged without reference to any contract. A breach of contract is nowhere alleged as the gravamen of the action. *Mullin* v. *Flanders*, 73 Vt 95, 97, 50 A 813.

*The judgment overruling the demurrer is affirmed and the cause is remanded.*