# Woodruff Motors, Inc. v. Commercial Credit Corp.

[190 A.2d 705]

March Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed April 9, 1963

*Parker & Ainsworth* for the plaintiff.

*Loveland & Hackel* for the defendant.

**Hulburd, C. J.**  In its amended declaration, the plaintiff alleged that it sold a certain automobile to a buyer by the name of Blanchard. This was done under a conditional sale contract which the plaintiff assigned to the defendant "with recourse." The conditional sale contract contained the following provision:

> "Purchaser agrees to obtain and keep in force fire, theft and collision insurance on Car and other insurance requested by Seller.  Such insurance shall be in form, amount and written by insurers satisfactory to Seller.  Seller, as a creditor of Purchaser, is authorized to purchase any and all such insurance, at Purchaser's expense, whether or not included herein. If the cost of such insurance is not included in the Total Time Price, Purchaser agrees to pay same to Seller on demand."

In compliance with this provision, the purchaser, Blanchard, transferred an insurance policy on a vehicle he had previously owned, so that the collision coverage applied to the automobile purchased of the plaintiff.  The original of this policy was furnished the defendant. By its terms it designated the defendant as entitled to be paid any

loss, as its interests might appear. On August 6, 1960, this policy was renewed. About eight months later, under date of February 24, 1961, notice of cancellation of the insurance was given to the defendant by the insurer, by the terms of which the cancellation was to become effective on March 7, 1961.

The remainder of the declaration we quote verbatim. It reads as follows:

"The Plaintiff further avers that the Defendant knew that the Plaintiff, as the assignor of the Blanchard conditional sale note, was liable to the Defendant for any unpaid balance on said Blanchard note by virtue of an assignment with recourse to the assignor;

"That it became and was the duty of the Defendant, acting in good faith, to use reasonable care in giving notice to the Plaintiff of such cancellation, to the end that the Plaintiff might procure new coverage on said car, as the Plaintiff was entitled to do, all for the protection of the Plaintiff-Assignor, in that said motor vehicle and the collision coverage thereon constituted security to the Plaintiff for any unpaid balance on the note, yet notwithstanding such duty, the Defendant wholly and completely failed and neglected to give notice of such cancellation, and thereby denying to the Plaintiff an opportunity to protect its interests by other insurance coverage;

"That on, to wit, the 11th day of March, 1961, the said motor vehicle, while being operated by the purchaser, was involved in a one-car accident, wherein said motor vehicle was completely and totally demolished and destroyed, and that when notice of such destruction was given to the Defendant by the Plaintiff, the Plaintiff was only then informed that the policy of insurance theretofor upon said vehicle had been cancelled as of March 7, 1961;

"By reason of the premises aforesaid the Plaintiff was thus denied the right to recover from insurance coverage any of the money then remaining due upon the conditional sale note, and the Defendant thereafterwards, against the requests of the Plaintiff, proceeded to charge the unpaid balance on said vehicle, amounting to $1,624.95, back to the Plaintiff's Reserve Account;

"WHEREBY the Plaintiff, all by reason of the unreasonable and unwarranted failure on the Part of the Defendant to give due notice to the Plaintiff of such cancellation, has lost, as it says, the sum of $1,624.95, for the recovery of which with interest and costs, the Plaintiff brings this suit."

The complaint, as amended, was met by a motion to dismiss, on the ground that the declaration fails to state a claim upon which relief can be granted. The lower court denied the defendant's motion. From this ruling the defendant comes here on appeal before final judgment pursuant to leave granted it below.

The defendant quite correctly states that the chief question is: Does the declaration set forth such facts as give rise to a legal duty on the part of the defendant? *Agosta* v. *Granite City Real Estate Co. Inc.*, 116 Vt. 526, 528, 80 A.2d 534. The defendant then goes on to argue that the declaration "does not allege any undertaking on the part of the defendant with regard to insurance," and that the "contract imposed no duty whatsoever upon the defendant," and that it is not alleged that "the defendant at any time agreed or undertook to keep the insurance on force." But it is not by a contract alone that a duty arises. The law may impose a duty by reason of the relationship of the parties. *Smyth* v. *Twin State Improvement Corp.*, 116 Vt. 569, 570, 80 A.2d 664, 25 A.L.R.2d 1193. Our inquiry, then, is what do the pleadings disclose as to the relationship of the parties in this case, and is it such as to give rise to the duty claimed by the plaintiff? The declaration sets forth not only that the plaintiff and defendant were respectively assignor and assignee but also that the defendant had a right of recourse by which the plaintiff was liable to the defendant for any unpaid balance which might arise under the conditional sale agreement. In the circumstances, the plaintiff stood as a guarantor of Blanchard's obligation to the defendant. As such, it was entitled to the benefit of all the security which it had turned over to the assignee-creditor. A duty arose in the assignee not to allow it to become impaired or lost through its negligence. See 38 C.J.S. Guaranty, §81; *Central State Bank* v. *Ford*, 181 Ia. 319, 164 N. W. 754; *Barrett* v. *Shanks*, 382 Ill. 434, 47 N.E.2d 481. So where a seller assigned a conditional sale contract for a truck to a discount corporation and absolutely guaranteed payments, and assignee, after buyer's default, repossessed

truck and attempted an unauthorized resale, though the assignor was not released, it was entitled to be made whole for the damage to the truck from the use by the proposed purchaser. *National Discount Corporation* v. *Hasper,* 262 Mich. 490, 247 N. W. 725.

We have no doubt that the duty to use reasonable care to preserve the security, so that it could be returned to the assignor if the occasion required, extended to the insurance coverage as well as to the automobile itself. It is merely that a portion of the security in this case took the form of insurance, or, to put it another way, the insurance, to an extent, stood for the automobile itself. The defendant must have been aware of this for the conditional sale agreement made explicit that insurance coverage was to be an integral part of the transaction. The plaintiff had, by the terms of the conditional sale agreement, indicated the basis on which it was willing to make such a sale. This included fire, theft, and collision insurance. The defendant could not release the buyer from his obligation if it wished to hold the plaintiff-seller. For the same reason, it could not, by the lack of reasonable care, abandon the security to those hazards against which the assignor had expressly provided.

The only remaining question, therefore, is whether the declaration of the plaintiff sets forth such facts, if found, as might amount to a failure on the part of the defendant to exercise the reasonable care which in the circumstances it was bound to use. We think the declaration meets this requirement. When the defendant is alleged to have received notice of cancellation from the insurance company, by reason of being the party named in the policy to whom loss was payable, he was placed in a position with regard to the plaintiff such that it became a fair question as to whether a person of ordinary sense in the position of the defendant would not have at once recognized that if he did not prudently act to inform the plaintiff of the situation, he would expose the plaintiff to the very hazard which the plaintiff had refused to accept. We think, therefore, that the declaration disclosed both a duty on the part of the defendant and what might be found to be a negligent failure to act to meet that duty. To be sure, when the case is tried, the trier, in considering the defendant's failure to act, will have to take into account to what extent the defendant might assume that the plaintiff might get notice of cancellation from some other source. Certainly there was a ques-

tion whether the defendant could properly assume that the insurer could be counted on to notify the plaintiff since it was the defendant who was named as loss-payee in the policy. That, however, is not a point which we need trouble ourselves with here. Nor is the plaintiff's declaration lacking for failure to allege that it did not have notice from some other source. The plaintiff has alleged a failure on the part of the defendant to use reasonable care in giving notice of the cancellation "whereby" he says he suffered his loss. This is a sufficient allegation. The rest is a matter of proof. If the plaintiff was negligent as well, it is open to the defendant to make an issue of it if it so desires.

Since the defendant has paid itself out of funds, or credits, which the plaintiff had with the defendant, the plaintiff's action seeking to recover this money was a proper one and under the declaration was good against the motion to dismiss. The ruling of the lower court is affirmed and the cause is remanded.

*Affirmed and remanded.*