## Bernice O. Malloy et al v. Lane Construction Corp.

[194 A.2d 398]

May Term, 1963

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed October 15, 1963

*Downs & Rachlin* for the plaintiffs.

*Fitts & Olson* for the defendant.

**Barney, J.** The shock waves of a blasting operation, travelling through air and ground, damaged the plaintiffs' dwelling house, according to their writ. The defendant construction company is named as the responsible agency, but its acts are not condemned as wrongful or negligent.

Although the actual blasting took place off the plaintiffs' property, their complaint sounds in trespass. At common law, this form of action required no allegation of negligence in the defendant. Also, it had particular application to injury to real estate.

The substance of the defendant's argument in contending that the complaint should be dismissed was that an essential element of this form of action was obviously lacking. This element is referred to as an "entry," or in more archaic language "a breaking of the close."

It is the fact of "entry" that makes negligence immaterial. Since entries on the land may themselves become elements in adverse claims of ownership, trespass gives the landowner a remedy whereby he may protect his title. The plaintiffs, calling upon the concept of the convertibility of matter and energy, claimed that the shock waves of the blast accomplished the required physical invasion. The trial court was not persuaded that this was the kind of an entry that represented a threat to the plaintiffs' titular rights, and granted the defendant's motion to dismiss the complaint. That ruling was then certified to this Court for review before final judgment.

It was part of the genius of the common law to shape the pleading of substantive rights so as to bring them within the formal limits of historically acceptable writ forms. See generally Maitland, The Forms of Action at Common Law (1936). Remedies could be reached at common law only by molding the phrasing of a claim of wrong to the language of one of the few recognized forms of action, evolved from the special writs that English sovereigns had consented to issue.

The present statute governing the form of complaints, 12 V.S.A. §971, is the end product of a series of reforms designed to eliminate fictions and needless formalities which served only to obstruct the pleading of substantive wrongs. To compel a plaintiff to find relief only by a return to the ritualized world of common law

pleading would run counter to the philosophy behind all of the statutory simplification for half a century. More than that, along with the rest of the United States and England, our Court has already rejected the penalizing of accidental or unavoidable trespass. *Ploof* v. *Putnam*, 81 Vt. 471, 474, 71 Atl. 188, 130 Am. St. Rep. 1072, 20 L.R.A., N.S. 152, 15 Ann. Cas. 1151. See also *Parrott* v. *Wells Fargo & Co.*, 15 Wall. 524, 21 L.Ed 206 (1872) ; *National Coal Board* v. *J. C. Evans Co.*, (1951) 2 K. B. 861. For these reasons the trespass form of complaint is not the necessary prerequisite to a suit for the relief sought here.

■ The inquiry does not end here. If the complaint, even in the form presented, sets forth the substantive essentials of a valid claim against the defendant in understandable terms, the plaintiffs should not have been turned out of court by dismissal. If a cause of action is stated, the pleading is sufficient. *Agosta* v. *Granite City Real Est. Co.*, 116 Vt. 526, 529, 80 A.2d 534; *Woodruff Motors* v. *Commercial Credit Corp.*, 123 Vt. 404, 406, 190 A.2d 705.

The standard of care for blasting operations conducted in this jurisdiction was outlined in *Thompson* v. *Green Mtn. Power Co.*, 120 Vt. 478, 482-5, 144 A.2d 786. There a duty was imposed upon the blaster to take all necessary precautions to avoid foreseeable injury, or be accountable in negligence for the consequences. To fail to foresee that damage of some kind might ensue from the use of dangerous explosives, in a situation where timely warning might have aided the plaintiff, was held to raise a jury question of negligence. *Thompson* v. *Green Mtn. Power Co., supra,* at 484.

These plaintiffs do not claim that the defendant was remiss in foreseeing their injury, or in giving warning. They are in the position of saying that they ought not to be barred from recovery for their damage because there were no reasonable measures, short of abandoning the operation, that would have prevented injury to their property. The question this case presents is whether or not failure to avoid damage of a type that might be expected to occur in connection with blasting is condemnable only as negligence?

We think not. The growth of the negligence concept on the substantive side of the law tended to obscure the existence of special rules under the older forms of action applying to certain types of risk. For example, the keeper of dangerous wild animals was generally held

responsible for injuries incident to their escape. See cases collected in 69 A.L.R. 500 (1930). In *Rylands* v. *Fletcher,* 3 Hurl & C 744 (1865), L.R. 1 Ex. 265 (1866), 3 H.L. 330 (1868), the accumulation in storage of large quantities of water on the defendant's property was held to impose a responsibility for loss due to its escape irrespective of negligence.

Increasingly, there are activities essential to general welfare which, even though conducted with great care, can be expected to cause some unavoidable harm or damage. The risks of harm of these enterprises are denominated as reasonable in terms of the prudent man when weighed against the desirability of the activity. See generally Ehrenzweig, Negligence Without Fault (1951). It seems clear that the just result is to allocate the loss so that those gaining the benefit of the activity bear the cost, if the utility of the activity is great enough to justify the invasion of private rights. The price of engaging in such activities is to make good the resulting harm, even though the actor's conduct is free from fault. 2 Harper & James, Torts, 816 (1956).

The use of dangerous explosives has been particularly subject to rules imposing strict liability. See note 20 A.L.R.2d. 1372. With the rise of the substantive conception of negligence as a ground for redress, some attempts were made to equate blasting unavoidably causing damage and breach of the duty to exercise due care. This results in labelling as negligent any activity which causes harm whether carried on with reasonable prudence or not. Such a view stretches the concept of negligence to meaningless breadth, destroying its utility as a measure of conduct relating to avoidable harm.

■ Instead, in cases involving the use of explosives, there has been applied an approach referred to as strict or absolute liability. Negligence need not be demonstrated, but only the use of explosives and resulting damage. The foreseeability of the resulting harm does not condemn the activity as negligence in spite of careful conduct, in those cases where the possibility of harm cannot be avoided short of discontinuing the socially necessary and desirable activity. But if damage occurs, even in the presence of careful conduct, within the range of foreseeable harm, and of a kind within the class of risk which makes the operation extrahazardous, liability attaches. 2 Harper & James, Torts, 816-9 (1956). The allocation of the burden of such a loss to the actor, while strict, is, as can be seen, not unlimited.

■ This allocation cannot be made in the case of harm resulting from legal but dangerous activities unless, by their complaint, the plaintiffs can ask the defendant to justify its injurious activity, involving the use of a highly hazardous agency. This complaint informed the defendant that a probable and foreseeable consequence had followed its blasting activities, resulting in damage. Although the defendant may contest the substance of these allegations, no more was necessary to properly initiate the litigation. The consequence with respect to the plaintiff's property was the same whether the defendant's use of dynamite was negligent or not, and they are entitled to be heard on their complaint. Compare *Griswold* v. *Weathersfield*, 117 Vt. 224, 227, 88 A.2d 829.

In *Goupiel* v. *Grand Trunk Ry. Co.*, 94 Vt. 337, 343, 111 Atl. 346, a case involving a railroad torpedo, strict liability as a general doctrine was rejected. Insofar as it might have appeared to apply to blasting operations, that case is overruled.

*The order dismissing the complaint is reversed and the cause is remanded.*