## Woodruff Motors, Inc. v. Commercial Credit Corp.

[196 A.2d 569]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Parker & Ainsworth* for the plaintiff.

*Loveland & Hackel* for the defendant.

**Shangraw, J.** This case comes to this Court by reason of the denial of defendant's motion to dismiss the action. Pursuant to the provisions of 12 V.S.A. §2386 the defendant was given leave to appeal before final judgment. The question of law certified for review is: "Do the pleadings in said cause state a claim upon which relief can be granted?"

On February 8, 1960 the plaintiff sold an automobile to Clinton E. Blanchard under a conditional sale contract which was assigned by the plaintiff to the defendant with recourse. This contract contained the following provisions:

"Purchaser agrees to obtain and keep in force fire, theft and collision insurance on Car and other insurance requested by Seller. Such insurance shall be in form, amount and written by insurers satisfactory to Seller. Seller, as a creditor of Purchaser, is authorized to purchase any and all such insurance, at Purchaser's expense, whether or not included herein. If the cost of such insurance is not included in the Total Time Price, Purchaser agrees to pay same to Seller on demand."

At the time Blanchard purchased the automobile in question from the plaintiff he transferred an insurance policy on an automobile previously owned by him so that the collision coverage applied to the automobile purchased by the plaintiff. The original of this policy was furnished the defendant. By its terms it designated the defendant as entitled to be paid any loss, as its interests might appear. This transferred policy expired and on August 6, 1960 Blanchard took out a new policy, including collision coverage, through the Vigo Agency with The Employers' Liability Assurance Corporation, Limited. The original of this new policy was furnished to the defendant, which was named therein as loss payee as its interests might appear.

This last policy of insurance was cancelled effective March 7, 1961. Notice of cancellation was mailed to the defendant's Rutland office by the insurer from Manchester, New Hampshire, under date of February 24, 1961 and was duly received. The defendant did not inform the plaintiff of this notice of cancellation. Later, on March 11, 1961, the automobile in question was involved in an accident and completely destroyed, without any insurance then in effect.

Thereafter, the defendant charged the plaintiff's reserve account with the unpaid balance due on the automobile amounting to

$1,624.95. In this action the plaintiff seeks to recover of the defendant this amount.

This is the second time that this case has been before this Court. In the first case, *Woodruff Motors, Inc.* v. *Commercial Credit Corporation,* reported in 123 Vt. 404, 190 A.2d 705 this Court was concerned with a motion to dismiss addressed to plaintiff's declaration as then amended. This motion was denied by the trial court and its action was affirmed here. A more complete statement of the facts and allegations contained in the declaration may be found in the prior case.

Following the remand of the first case, the defendant filed an answer and alleged as a defense an agreement executed by the plaintiff on June 2, 1955 in favor of the defendant, the execution of which was acknowledged by the plaintiff in its replication. This agreement is the only additional matter not before this Court in the first case, otherwise the pleadings remain the same. Since this appeal must necessarily turn upon the effect of this agreement it is herein set forth in full.

"Date June 2, 1955

Commercial Credit Corp.
77 Wales St., Rutland, Vt.
Gentlemen:

In consideration of the purchase by you from Undersigned, from time to time, of conditional sale contracts, chattel mortgages, bailment leases and other forms of security instruments arising out of the sale of motor vehicles by Undersigned at retail, Undersigned agrees that in any cases in which you are not authorized to arrange or to cause to be arranged the placing of insurance coverage on the automobile which is the subject of the security instrument, for the protection of your interest in such automobile, adequate and proper insurance shall have been placed and shall be in effect from the time at which you acquire any interest in said security instrument or the car covered thereby.

Undersigned further agrees that such insurance shall be maintained in full force and effect during the entire period in which you have any interest whatsoever in the security instrument or the automobile covered thereby.

Undersigned further agrees that such insurance shall be maintained in an insurance company satisfactory to and approved by

you and that the insurance shall protect you against such hazards as you may require and, in any event, the hazards of fire, theft and collision.

Undersigned agrees, upon demand, to pay to you the amount of any loss or damage which may result by reason of such insur-.ance not having been placed or by the cancellation or lapse of such insurance before your interest in such security instrument or automobile has been fully satisfied.

Very truly yours,

Woodruff Motors,

By R. E. Woodruff"

Referring to the opinion of this Court in the first case, *Woodruff Motors, Inc.* v. *Commercial Credit Corporation, supra,* in commenting upon the question as to whether or not the declaration set forth such facts as give rise to a legal duty on the part of the defendant, this Court stated, "But it is not by contract alone that a duty arises. The law may impose a duty by reason of the relationship of the parties." Citing *Smyth* v. *Twin State Improvement Corp.,* 116 Vt. 569, 570, 80 A.2d 664, 25 A.L.R.2d 1193.

In the prior case this Court stated that the declaration set forth facts establishing that the plaintiff stood as a guarantor of Blanchard's obligation to the defendant, and held "As such, it was entitled to the benefit of all the security which it had turned over to the assignee-creditor. A duty arose in the assignee not to allow it to become impaired or lost through its negligence," citing 38 C.J.S. Guaranty, section 81; *Central State Bank* v. *Ford,* 181 Iowa 319, 164 N.W. 754; *Barrett* v. *Shanks,* 382 Ill. 434, 47 N.E.2d 481. Further, that it became the duty of the defendant to use reasonable care to preserve the security, and that this duty extended to the insurance coverage as well as to the automobile itself.

In passing upon the sufficiency of the declaration in the prior case, this Court concluded by stating that the declaration disclosed both a duty on the part of the defendant, and what might be found on trial to be a negligent failure to act to meet that duty, and therefore good against the motion to dismiss.

In support of its motion to dismiss, it is now the contention of the defendant that the letter of June 2, 1955 limited the defendant's

responsibilities with respect to insurance only to those instances where it arranged for coverage.

We are here concerned with the sufficiency of the pleadings. The letter in question should not be fractionalized. It is to be considered in its entirety as supplementing the terms and conditions of the conditional sale contract. It serves to emphasize the importance attached by the parties to the maintenance of proper insurance on the automobile, which was the subject of the assigned conditional sale contract. The pleadings allege that knowledge of the cancellation of insurance was brought home to the defendant, and that it failed to notify the plaintiff of this fact.

■ We are not here limited to the preciseness of the language expressed in the conditional sale contract and letter of 1955. The plaintiff stood as a guarantor of Blanchard's obligation to the defendant. A duty arose in the defendant not to allow the security to become impaired or lost through its negligence. The letter is merely a circumstance to be taken into consideration as to whether or not the defendant acted prudently under the circumstances. For reasons herein stated, and those appearing in the prior case, *Woodruff Motors, Inc.* v. *Commercial Credit Corporation, supra,* we conclude by stating that on trial the letter will not preclude a finding that the defendant was negligent in its failure to protect the security in manner as alleged. It is not a bar to this action.

The defendant gains nothing by its motion. The ruling of the lower court is affirmed and the cause remanded.

*Affirmed and remanded.*