# Mary L. Fenix v. Nicholas J. Contos and Chrysanthe Contos

[ 236 A.2d 668 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

478

*R. Allan Paul* for the plaintiff.

*Lisman & Lisman* for the defendants.

**Keyser, J.** The plaintiff seeks a permanent injunction in chancery to restrain defendants from obstructing a right-of-way owned by the plaintiff in common with the defendants and other persons. After hearing and finding of fact, the court entered a mandatory injunction order and the defendants appealed.

The findings show the following facts. On January 20, 1964, the plaintiff acquired a rectangular parcel of land easterly of and adjacent to the rear of the buildings which house the so-called Lotus and Wishbone Restaurants in the City of Burlington. The deed to the plaintiff also included a right-of-way to the land conveyed 103.83 feet in length running easterly from Church Street, 9 feet in width and 12 feet in height. The court found this right-of-way was to be unobstructed.

After the defendants acquired their property, they built an additional story on their building and extended the west face of their building 0.4 feet westerly. This facing was 11.5 feet in length and ran 9 feet along the east end of the right-of-way and 2.5 feet northerly therefrom. The defendants also put in an entrance door and constructed steps which extended 3.8 feet westerly from the building. They also built a concrete landing for the steps to rest on and this extends 3.5 feet beyond the steps. A protective iron pipe filled with cement and about 4 feet in height was put in at the outside corner of the steps. The court found that the 0.4-foot extension on the building and the steps, landing and iron pipe constituted an obstruction to the plaintiff's right-of-way and issued a mandatory injunction directing their removal.

The defendants took exceptions to the findings relating to (1) the extension of the west face of their building 0.4 feet westerly and (2) to the construction of the landing for the steps. They also excepted to the findings that this addition of 0.4 feet to the building and the landing constitute an obstruction to the plaintiff's right-of-way.

No exception is taken to the finding and order concerning the steps and iron pipe being an obstruction.

The defendants make no claim that the findings are not supported by the evidence. The ground of their exceptions is that the encroachment by the building addition, or extension, and the landing are not alleged in the plaintiff's petition and they therefore were not an issue in the case. They also say that if such allegations had been made the defendants would have answered claiming the defense of an irrevocable license.

Plaintiff's petition alleges: "3. That the defendants, on or before October 21, 1965, and before this action, wrongfully obstructed the said way by constructing a flight of wooden stairs and a metal post in said way, whereby plaintiff was, and still is, prevented from fully enjoying said way as granted to her and others." The prayer in the petition asked for the removal of the stairs and metal post and also for the perpetual restraint of interference in the use of said right-of-way.

The evidence shows that the defendants made the improvements to their building in the fall of 1965 which included the work here complained of. The concrete landing at the foot of the stairs is a paving for the steps and is 2-3 inches off the ground. A photograph of the area in question, Plaintiff's Exhibit B, plainly shows the landing is several inches above the ground level and is the foundation on which the stairs rest. This was its only purpose and it forms a part of the entrance to the newly constructed second floor.

The defendants had full knowledge of the details of the stairway. Thus, it was unnecessary for the plaintiff to describe the stairway in specific detail in the allegation of her petition. *Hooker, Corser & Mitchell Co.* v. *Hooker,* 88 Vt. 335, 347, 92 A. 443. Under the facts shown by the evidence the landing was an integral part of the stairway. The relief afforded by the decree must conform to the pleadings and the proof as stated in the findings. *Howard* v. *Howard,* 122 Vt. 27, 34, 163 A.2d 861, 84 A.L.R.2d 585. Here, the pleading raised the issue as to the landing and the evidence supports the finding. The decree in this respect is without error.

Although the defendants did not plead an irrevocable license had been granted them to build the stairway, Mr. Contos did testify about it. He testified: "I had permission from Tony Pomerleau to put

the steps there, I didn't know at the time he had sold all the property to Mrs. Fenix." He also said he did not ask permission from Mrs. Fenix. This evidence runs directly counter to a claim of an irrevocable license in the defendants even if such defense had been pleaded.

■ The defendants argue that if the addition to their building by brick facing had been alleged in the plaintiff's petition they would have answered claiming a defense by way of irrevocable license and urged equities in their favor.

As pointed out, the allegation in plaintiff's petition claims only that the defendants wrongfully obstructed the right-of-way by constructing therein a flight of wooden stairs and a metal post. There is no allegation in plaintiff's petition that the defendants added to, or extended, the west side of their building or that there was an obstruction in this respect. During the course of the trial the attorney for the defendants stated for the record that the real issue in this case is whether the defendants had the right to put the stairs into the right-of-way. There was no comment to this by the court and it was not disputed by plaintiff's attorney. The record does not indicate that this issue was enlarged by the conduct of the parties during trial.

■ The plaintiff is confined to the relief sought by her bill, and neither the answer, prayer for relief nor the proofs can aid her to recover upon a case not made by the bill. *Flint* v. *Davis,* 110 Vt. 401, 407, 8A.2d 671 ; *Lariviere* v. *Laroque,* 104 Vt. 192, 157 A. 826.

■ It is a familiar rule of equity pleading that one who invokes the aid of that court must set forth all the essential facts with certainty. This requirement is for two reasons. First, that the defendant may be apprised of the nature of the claim made against him ; and, second that the court may know what decree to render, if the proof sustains the allegations. Reasonable and convenient certainty is all that is required. *Hooker* v. *Hooker, supra.*

Moreover, 12 V.S.A. §1021 requires that the complaint shall set forth in brief and simple language the facts relied upon and the relief demanded.

The petition lacks any allegation that the brick facing on defendants' building is within the right-of-way and constitutes an obstruction in its use. There is no statement made in the petition which apprises the defendants that this claim was being made against them

or which would prompt them to answer to it. For this reason, the petition does not meet the requirements of the rule.

The finding and injunction order relative to the 0.4 foot addition is error and cannot stand.

*Decree affirmed as to the removal of the stairs, post and landing; reversed as to the removal of the 0.4 foot addition to the facing of defendants' building.*