# Bradley Bosley b/n/f Paul Bosley v. Central Vermont Public Service Corporation

[ 255 A.2d 671 ]

April Term, 1969

Present: Shangraw, Barney, Keyser, JJ., and Daley, C. Supr. J

Opinion Filed June 3, 1969

*Loveland & Hackel* for the Plaintiff.

*Ryan, Smith & Carbine* for the Defendant.

**Shangraw, J.** This is an action to recover for electricity burns suffered by plaintiff, Bradley Bosley, then of the age of 9 years. The accident occured on June 21, 1965 while the boy was playing in a hemlock tree and came in contact with defendant's electrical transmission wires.

The complaint contains two counts, the first being founded on negligence, and the second on the doctrine of absolute liability.

The second count alleges the defendant's ownership of the transmission line which carried 4100 volts and was maintained upon certain

poles erected and located within the limits of, or in proximity to Elm Street, a public highway situated in Fair Haven, Vermont.

Count Two alleges that the transmission lines were in a residential area where children are known to play, and in close proximity to a hemlock tree, the character and location of which is such that the defendant knew or should have known that children would attempt to climb the same.

It is alleged that electricity is invisible and undiscoverable, striking instantly and without warning, and that it is a highly destructive force when released. Due to its inherent nature, its transmission is an extra hazardous activity.

Plaintiff further alleges in Count Two that the accident and resulting injuries were within the range of foreseeable harm associated with the transmission of electricity, and of a kind within the class of risk which makes the transmission of electricity extra hazardous.

The count in question alleges that, when playing in the hemlock tree, plaintiff came in contact with the defendant's transmission wires and fell to the ground unconscious. It concludes with an allegation relating to injuries and damages.

In Count One, which is not for present consideration, there were the additional allegations of duty on the part of the defendant, and neglect thereof, bringing that count within the framework of a claim sounding in negligence.

The defendant answered the complaint by general denial and it also pleaded affirmative defenses. Defendant therein also moved to dismiss the second count. This motion was granted. Plaintiff was granted leave to appeal to this Court before final judgment pursuant to 12 V.S.A. §2386. The question certified for review is:

"Does Count II of the Plaintiff's complaint state a cause of action upon which relief can be granted in favor of the plaintiff?"

By his brief, the plaintiff, under Count II, seeks to fix liability of the defendant under the doctrine of strict or absolute liability. No claim is made by the plaintiff that this count otherwise states a cause of action upon which relief may be granted. We shall consider the question certified in the light of this limitation.

The doctrine of absolute liability was jettisoned in Vermont as early as 1833 in the case of *Lapham* v. *Curtis,* 5 Vt. 371. Later in *Goupiel* v. *Grand Trunk Ry. Co.,* 94 Vt. 337, 343, 111 A. 346, a case

involving a railroad torpedo, strict liability as a general doctrine was rejected.

In *Thompson* v. *Green Mtn. Power Corp.*, 120 Vt. 478, 482, 144 A.2d 786, this Court placed dynamite in the category of a deadly agency requiring the highest degree of care and caution. However, at page 482, 144 A.2d 786, of the opinion this Court stated that the doctrine of absolute liability had not been accepted in this jurisdiction.

Then followed *Malloy* v. *Lane Construction Corporation*, 123 Vt. 500, 194 A.2d 398, adopting the doctrine of absolute liability in its application to the blasting operation in that case. The *Malloy*, case, *supra*, at page 504, 194 A.2d 398, overruled *Goupiel* v. *Grand Trunk Ry. Co., supra*, insofar as it might have appeared to apply to blasting operations.

In *Humphrey* v. *Twin State Gas & Electric Company*, 100 Vt. 414, 139 A. 440, 56 A.L.R. 1011, plaintiff came in contact with a wire fence electrified by the sagging or falling thereon of a wire of defendant's high voltage power line. In that case this Court held that the doctrine of *res ipsa loquitur* applied, and proof of the escape of current and injury therefrom made a *prima facie* case entitling plaintiff to go to the jury on the question of defendant's negligence.

At page 422, 139 A. 440, of the opinion in the *Humphrey* case, *supra*, this Court observed that electricity is highly destructive when it escapes control, and that those dealing in such a deadly agency should be accountable to all whose likelihood of injury could reasonably be foreseen. Notwithstanding the foregoing, this Court at pages 421 and 422, 139 A. 440, of the opinion expressed the view that electricity has come to be a necessary factor in almost all lines of activity and that its usefulness should not be impaired or curtailed.

No attempt was made by the plaintiff in the *Humphrey* case, *supra*, to invoke the doctrine of strict or absolute liability nor was this issue presented to this Court for consideration.

Having accepted the doctrine of strict or absolute liability in the *Malloy* case, *supra*, involving the use of dynamite under circumstances then present, plaintiff seeks to extend the application of this doctrine to the facts in this case.

A power company engaged in the transmission of electricity, a dangerous agency, must anticipate and guard against events which may reasonably be expected to occur. 29 C.J.S. Electricity, §38, pages 1057-1058. As a general rule, one maintaining electric wires is

required to exercise such care as a reasonably prudent man would exercise under the circumstances, or care commensurate with, or proportionate to, the danger. 29 C.J.S. *supra,* §39, pages 1061-1062. Electrical companies are not insurers of the safety of the public. 29 C.J.S., *supra,* §38, page 1057.

In some jurisdictions, including Vermont, the doctrine of *res ipsa loquitur* has been applied, under certain facts, against electric companies for injuries sustained. *Humphrey* v. *Twin State Gas & Electric Company, supra* 417 of 100 Vt., 139 A. 440; 26 Am.Jur.2d Electricity, Gas and Steam, §176, page 387; 29 C.J.S. *supra,* §66 (2) page 1145.

■ The question whether there is any duty to exercise care for the benefit of children with respect to wires carrying a high voltage of electricity in or near a tree depends primarily on whether the one maintaining the wires should have anticipated that a child was likely to climb the tree. On this subject, see Annotation, 27 A.L.R.2d, 207-232, and cases cited. Cases of this character usually present a factual question for resolution by court or jury.

Plaintiff has cited no case where the doctrine of strict or absolute liability, has been accepted under the facts as alleged in Count Two. Here, the wires were not detached from the poles, there was no escape of electric current, but, on the contrary, plaintiff came in contact with the power line. No defect in the transmission system has been alleged, nor the breakage or sagging of the wires in question.

Strict liability has been many times confined to things or activities which are "extraordinary," or "exceptional," or "abnormal." Prosser on Torts, 3rd Ed. Strict Liability, §77, page 520. The transmission of electric current in this day and age is a usual and normal practice for the benefit of the community.

The doctrine of strict liability for abnormally dangerous conditions and activities is a comparatively recent one in the law. The leading case from which it has developed is *Rylands* v. *Fletcher,* 3 Hurl & C 744 (1865), L.R. 1 Ex. 265 (1866), 3 H.L. 330 (1868). That case involved the accumulation in storage of large quantities of water on the defendant's property which escaped flooding plaintiff's mine. Defendant was held liable for plaintiff's damage irrespective of negligence. *Rylands* v. *Fletcher, supra,* is rejected by name in a number of American jurisdiction, and approved in others. Prosser, *supra,* §77, page 524.

The Restatement of Torts, §§519, 520 has accepted the principle of *Rylands* v. *Fletcher,* but has limited it to an "ultrahazardous activity" of defendant, defined as one which "necessarily involves a risk of serious harm to the person, land or chattels of others which cannot be eliminated by the exercise of the utmost care" and "is not a matter of common usage." Prosser, *supra,* §77, page 527.

We see no occasion to accept and apply the doctrine of strict or absolute liability under Count II of the complaint. The court acted properly in granting the motion to dismiss this count.

*The order granting defendant's motion to dismiss Count II is affirmed.*