### Marlon E. Wright v. Joseph W. Nasal

[271 A.2d 833]

No. 61-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Adams & Meaker*, Waterbury, for Plaintiff.

*Wilson, Curtis, Byran & Quinn*, Burlington, and *James L. Morse*, Burlington, on brief, for Defendant.

**Keyser, J.** This is an automobile negligence case tried by jury in District Court, Unit No. 3, Lamoille County and, having resulted in a verdict and judgment for the defendant, is before us on appeal by the plaintiff.

The sole question presented by the plaintiff's appeal is whether the court erred in its failure to instruct the jury on the doctrine of last clear chance. The defendant contends that the trial court properly refused to give the requested instruction to the jury for the reason that the plaintiff did not allege facts in his complaint sufficient to raise the issue of last clear chance.

The gravamen of plaintiff's complaint against the defendant reads as follows:

"The defendant negligently travelled at an excessive rate of speed; the defendant negligently failed to proceed

with caution as required by the caution lights placed in his lane of travel, said lights being in the vicinity of and on either side of the plaintiff's driveway; the defendant negligently failed to keep a reasonable and proper lookout, when by keeping a reasonable and proper lookout he could and would have observed the presence of plaintiff's vehicle and could thereby have avoided the ensuing collision."

The defendant in his answer denied the foregoing allegations of negligence on his part and, as a defense, alleged contributory negligence of the plaintiff.

A statement of the last clear chance doctrine appears in *Lachance, Admr.* v. *Myers*, 98 Vt. 498, 505, 129 A. 172, 174 (1925), where it is said that "it presupposes a perilous situation, created or existing through negligence of both plaintiff and defendant, but assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by the use of the means available, avert the accident. In such case, the negligence of the parties creating the situation is regarded as remote and that of the defendant in not averting the accident, after the peril is or should have been discovered, becomes the sole proximate cause of the injury." See also *Paquin* v. *St. Johnsbury Truck Co., Inc.*, 116 Vt. 466, 474, 80 A.2d 669 (1951).

The statute relating to pleadings provides that the complaint "shall set forth in brief and simple language the facts relied upon and the relief demanded." 12 V.S.A. § 1021. Even though this case is not in equity as was *Fenix* v. *Contos*, 126 Vt. 477, 236 A.2d 668 (1967), the requirement that the pleading must set forth all of the essential facts with certainty applies here as well. One reason for this requirement is to apprise the defendant of the nature of the claim being made against him. *Fenix* v. *Contos, supra*, 126 Vt. at 480.

The essential acts or omissions to constitute a case within the last clear chance rule must be averred in traversable form. *Fabian* v. *Barrett*, 118 Vt. 267, 269, 108 A.2d 256 (1954).

*Buck, Admr.* v. *Rutland R.R. Co.*, 101 Vt. 282, 284–85, 143 A. 297 (1928), very clearly expresses the law on this issue at pages 284–85 of the opinion.

"This rule requires one who would avail himself of the 'last clear chance' doctrine to allege the facts which gave rise to the duty on the part of the defendant to act for his protection after the latter discovered, or ought to have discovered, the peril into which the former's negligence had led him. (Citing cases.)

This the plaintiff has not done. He complains of the excessive speed of the train, the absence of a flagman at the crossing, the lack of warning by bell, whistle, or otherwise, and the failure of the trainmen to watch out for travelers on the crossing. But not a word does he say indicating that the trainmen failed in their duty after they discovered, or ought to have discovered, the decedent's peril. Therefore, the 'last clear chance' doctrine was not in the case."

The *Buck, Admr., supra.,* case was followed in *Wright* v. *Godin,* 108 Vt. 23, 182 A. 189 (1936), a case tried by court which found that the defendant had the last clear chance to avoid the collision. This Court reversed the trial court and held as follows at 108 Vt. at 26 of the opinion:

"The finding that the defendant had the last clear chance to avoid the collision can not benefit the plaintiff. One who would avail himself of this doctrine is required to allege in his declaration the facts which give rise to the duty on the part of the defendant to act for the protection of the plaintiff, after having discovered, or being in a situation in which he ought to have discovered, the peril into which the latter had been placed by his own negligence. [Citation omitted.] This the plaintiff has failed to do. The finding does not conform with the issues presented by the pleadings, upon which the defendant is entitled to rely and is not binding. (Cases cited.)"

In the case at bar, as shown by the complaint, *supra,* the allegations charge the defendant with a breach of duty in the operation of his motor vehicle by driving at an excessive speed, failing to proceed with caution, and failing to keep a proper lookout. The breach of duty is alleged without reference to any acts or omissions which would constitute a charge of liability against the defendant under the last clear chance

doctrine. All that can be said of the complaint is that the allegations characterize and limit the suit as one based upon certain specific acts of negligence of the defendant. Nowhere in the pleading is the issue of "last clear chance" doctrine raised. In plaintiff's opening statement to the jury and motion for a directed verdict he gave no indication that the rule was to be injected into the case. And, in his argument to the jury, the plaintiff made no claim that the defendant was liable under the doctrine. It was only after the close of all the evidence that this theory of recovery first arose in the case.

The plaintiff cites *Malloy* v. *Lane Construction Corp.*, 123 Vt. 500, 502, 194 A.2d 398 (1963), in support of his claim that the "allegation, taken together with the evidence and conduct of the case made clearly presentable the issue of last clear chance for determination by the jury." *Malloy* states, "If the complaint . . . sets forth the substantive essentials of a valid claim against the defendant in understandable terms, the plaintiffs should not have been turned out of court by dismissal." Clearly, this ruling has no application under the facts shown in the case at bar. Moreover, that was an action in trespass involving strict liability.

The plaintiff places substantial reliance on *Spencer* v. *Fondry*, 122 Vt. 149, 167 A.2d 372 (1960), in support of his claim that the jury should have been allowed to decide whether the last clear chance doctrine was applicable on the facts in the case. The language of Chief Justice Hulburd quoted by plaintiff at page 153 was written in the context of a case that was submitted to the jury on the theory of last clear chance. And, as appears on page 151, neither party had briefed any objection to the way the case was submitted. The verdict for the plaintiff was set aside by the trial court and judgment entered for the defendant. This is quite different from the case at hand where the plaintiff moved for a new trial after a defendant's verdict because of the court's failure to charge on the theory of last clear chance.

We hold under the circumstances disclosed by the record that the "last clear chance" rule was not an issue in the case. The trial court properly refused to charge the rule as requested by the plaintiff.

*Judgment affirmed.*