STATE OF VERMONT
RUTLAND COUNTY, SS.

CONFORMED COPY
RUTLAND SUPERIOR COURT

OCT 2 9 1999

Jayne Nicklaw et al.　　　　　)

　　　　　　　　　　　　　　)　　Rutland Superior Court

v.　　　　　　　　　　　　　)　　Docket No. S 0562-97 RcC

　　　　　　　　　　　　　　)

David C. Camara et al.　　　　)

*Hay.S. Johnson*
Clerk

## MEMORANDUM OF DECISION

This matter is before the court on the Motion for Summary Judgment of Defendants U.S. Quarried Slate Products, Inc. and Scotch Hill Leasing Corp., filed March 30, 1999. Plaintiff is represented by Emily J. Joselson, Esq. Defendants U.S. Slate and Scotch Hill are represented by Kaveh S. Shahi, Esq. The court has reviewed the Motion, Response, and various statements and documents that have been filed with respect to this Motion.

## Background

The Plaintiffs are eight homeowners who live in the vicinity of slate quarries. They have brought this lawsuit against the owners and operators of three slate quarry properties in their area. Defendants U.S. Slate and Scotch Hill operate slate quarries on one of the three properties. Theirs is a 136 acre parcel on which there are four separate quarry sites. Plaintiff has filed the action on four grounds: nuisance, negligence, trespass, and strict liability. Defendants claim that the facts that have emerged from discovery do not support these claims against them. This Motion does not involve the Defendants who are owners and operators of the other two quarry properties.

1

## Discussion

In their Complaint, Plaintiffs allege that all the Defendants in the suit were responsible for damage, trespass, and interference with use and enjoyment of property arising from, among other things, slate fragments deposited on Plaintiffs' lands, structural damage to their homes, damage to the quality and yield of water supplies, noise and vibrations from blasting, noise from heavy equipment, excessive truck traffic, and unsightliness of slag piles. Defendants U.S. Slate and Scotch Hill claim that Plaintiff cannot show that they are responsible for the particular damage suffered by individual Plaintiffs. The claims with respect to each cause of action will be considered in turn.

1. Nuisance.

Defendants have, in their reply to Plaintiffs' responses, acknowledged that there are material facts in dispute with respect to whether each of the Plaintiffs is able to show interference with the use and enjoyment of property arising from Defendants' mining operations. Therefore, the Motion has been withdrawn with respect to nuisance based on Defendants' mining operations.

2. Negligence.

Plaintiffs concede that Plaintiffs Bruce and Patricia Cook, and Plaintiffs William R. and Mary Ann Bronson can show no damage to their water supplies or property arising from Defendants' actions. Defendants U.S. Slate and Scotch Leasing argue that the Motion for Summary Judgment should be granted as to them, because these Plaintiffs cannot prove damages to their property, which is an essential element of a cause of action for negligence. Plaintiffs counter that damage to their water supplies remains a possibility that could result in the future. If

2

damage is discovered prior to trial, the issue can be raised at that time. At this point, however, since damages cannot be shown as to those Plaintiffs following discovery, Defendants' Motion is granted as to Plaintiffs Bruce and Patricia Cook, and Plaintiffs William R. and Mary Ann Bronson.

As to the remaining Plaintiffs, there are material facts in dispute, and the Motion is denied.

Defendants have sought to have the court rule on its Motion for Summary Judgment as to particular types of damage with respect to individual defendants, such as air blasts, physical damage, contamination, decreased water flow, and equipment noise. The Defendants have not shown a basis for the court to make particularized rulings on individual aspects of damage in a negligence case. There are disputes of material fact with respect to the negligence claim as to each Plaintiff and Defendants, even though particular Plaintiffs can be shown not to have suffered in particular ways. Such distinctions are relevant at the time a fact-finder evaluates the evidence, but in ruling on a summary judgment motion, the court will not break the case down into specific fact pattern categories. The issue for the court is whether or not there are material facts in dispute with respect to Plaintiffs' claim of negligence, and there are. Therefore, Defendants' Motion is denied with respect to negligence, except as to the Cooks and Bronsons.

Defendants also claim that Plaintiffs' negligence claim must fail because Defendants can only be liable for particular damage caused by them. They claim they cannot be held jointly and severally liable for damages arising from actions of the other Defendants, and the cause and effect of these Defendants' actions and those of other Defendants may be difficult to separate. This is a legal issue that involves not just the Defendants who filed this Motion, U.S. Slate and

3

Scotch Hill, but all the Defendants in the case. The other Defendants have not yet had an opportunity to address it. The issue will not be ruled on in the context of a Motion for Summary Judgment filed by only two of the Defendants.

3. Trespass.

It is undisputed that none of the Plaintiffs can show entry upon their land of rock fragments or other material from Defendants' quarrying activities. With respect to the effect of explosives used on another's property on Plaintiffs' lands, the Vermont Supreme Court has concluded that the use of trespass to plead a cause of action is archaic, and the claim may be maintained as a claim of negligence or strict liability. See Malloy v. Lane Constr. Corp., 123 Vt. 500, 501-03 (1963); Thompson v. Green Mountain Power, 120 Vt. 478 (1958). Plaintiffs have pleaded claims for negligence and strict liability and there is no need for a separate claim in trespass. Therefore, Defendants' Motion for Summary Judgment is granted as to all Plaintiffs on the claim of trespass.

4. Strict Liability.

Defendants argue that even where strict liability is applicable, Plaintiffs have the burden of proof to show causation by way of direct or circumstantial evidence, and Defendants claim that Plaintiffs cannot prove causation. Plaintiffs argue that they have a claim for strict liability based on the Defendants' use of explosives. Strict liability for damage caused by the use of explosives has been recognized in Vermont, see Malloy, 123 Vt. at 502-03, but the court has not ruled that the element of causation need not be proved. Causation was not the focus in Malloy but the Court's discussion shows that the causation element still needs to be proved: "Negligence need not be demonstrated, but only the use of explosives and resulting damage." Id. at 503

4

(emphasis added). The damage Plaintiffs claim must be a consequence of the use of explosives. Hence, Plaintiffs must meet the burden of proving causation.

While the court agrees with Defendants that causation remains an element to be proved, the court concludes that there are material facts in dispute with respect to the element of causation. Thus, Defendants' Motion is denied as it relates to the claim for strict liability, except that it is granted as to Plaintiffs Bruce and Patricia Cook, and Plaintiffs William R. and Mary Ann Bronson on the same basis as stated above, i.e., that they are unable to show damage to their property.

## ORDER

Based on the foregoing reasons, Defendants' Motion is granted in part and denied in part as set forth above.

Dated this ___25th___ day of ___October___ 1999.


_____
Hon. Mary Miles Teachout
Superior Judge

5